IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEWIS ASHKER and DANNY TROXELL, | No. C 05-3286 CW |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' MOTION TO SCREEN COMPLAINT AND FINDING ALL CLAIMS COGNIZABLE |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiffs Todd Ashker and Danny Troxell are prisoners of the State of California who are incarcerated in the Security Housing Unit (SHU) at Pelican Bay State Prison (PBSP). Represented by counsel, they have filed this civil rights action under 42 U.S.C. § 1983 in which they seek injunctive relief and damages.

Defendants Arnold Schwarzenegger (Governor and Chief Executive of the State of California), Roderick Q. Hickman (Secretary of the California Youth and Adult Correctional Agency), Jeanne Woodford (Director of California Department of Corrections (CDC)), Edward Alameida (former Director of CDC), Richard Kirkland (Warden of Pelican Bay State Prison (PBSP)) and Joe McGrath (former Warden of PBSP) have filed a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A.[1]  The Court GRANTS Defendants' motion in part, DENIES it in part as moot and finds all claims cognizable.

## BACKGROUND

On May 19, 2004, Plaintiffs filed a complaint against Governor Arnold Schwarzenegger, former Governor Gray Davis, former Governor Pete Wilson, the commissioners of the Board of Prison Terms (BPT Defendants), Roderick Hickman, Jeanne Woodford, James Gomez (former CDC Director), Cal Terhune (former CDC Director), Edward Alameida and Joe McGrath.  See Compl., Ashker v. Schwarzenegger et al., No. C 04-1967 CW (N.D. Cal.) (May 19, 2004 Complaint).  The complaint alleged the following causes of action: (1) violation of First Amendment freedom to associate with members of the Aryan Brotherhood, (2) violation of First Amendment freedom of speech for not allowing hard-cover books, (3) violation of Fifth Amendment freedom against self-incrimination for CDC's debriefing

---

[1] A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

2

requirement, (4) violation of Eighth Amendment prohibition of cruel and unusual punishment, also arising from the debriefing requirement, (5) violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment and of the <u>ex post facto</u> clause for retention in the SHU on indeterminate status based upon gang association, (6) violation of the Equal Protection clause of the Fourteenth Amendment based upon alleged discrimination against white inmates, and (7) supplemental State law claims.  On October 19, 2004, the Court issued a screening order pursuant to 28 U.S.C. § 1915A holding that, for the purposes of initial review, all Plaintiffs' claims were cognizable.

On January 31, 2005, in case no. C 04-1967 CW, all Defendants moved, pursuant to Federal Rule of Federal Procedure 12(b), to dismiss the complaint for failure to exhaust administrative remedies.  BPT Defendants Daly, Lawin, Lehman, Roos, Welch, Granlund, Starn, Risen and Moore also moved, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on the grounds of absolute and qualified immunity.

On June 2, 2005, this Court issued an order denying Defendants' motion to dismiss Ashker's second cause of action for violation of his First Amendment right to freedom of speech arising from the prison's policy of not allowing hard-cover books in the SHU and granting the motion to dismiss Plaintiffs' remaining claims without prejudice for failure to exhaust.  The Court also granted BPT Defendants' motion for summary judgment based on their absolute and qualified immunity from Plaintiffs' damages claims.

On August 11, 2005, Plaintiffs filed this complaint against all

3

Defendants whom they had sued in case no. C 04-1967 CW with the exception of BPT Defendants.  Plaintiffs allege that they have now exhausted the claims that were dismissed for failure to exhaust in case no. C 04-1967 CW and that these claims may now proceed on the merits.  The complaint alleges the following causes of action: (1) violation of Fifth Amendment freedom against self-incrimination for CDC's debriefing requirement, (2) violation of Eighth Amendment prohibition of cruel and unusual punishment, also arising from the debriefing requirement, (3) violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment and of the <u>ex post facto</u> clause for retention in the SHU on indeterminate status based upon gang association, (4) violation of the Equal Protection clause of the Fourteenth Amendment based upon alleged discrimination against white inmates, (5) violation of First Amendment freedom of speech for delays in the processing of Plaintiffs' mail, a ban on hard-cover books and on certain periodicals, including those that show frontal nudity, (6) violation of First Amendment freedom to associate with members of the Aryan Brotherhood, and (7) supplemental State law claims.

## DISCUSSION

Plaintiffs' causes of action in this complaint are the same as those set forth in their May 19, 2004 complaint (case no. C 04-1967 CW) with the exception of two additional First Amendment claims: (1) delays in processing of Plaintiffs' mail, and (2) bans on certain periodicals, including "biker lifestyle [magazines], i.e. Easyrider, Biker, Outlaw Biker," and "skin art [magazines], i.e., Tattoo, Flash, Tabu Tattoo, and Savage Tattoo."  Compl. at 36.

4

I.   Identical Legal Claims

The legal claims that are identical to those that were screened by the Court in the October 19, 2004 screening order are cognizable. Defendants' request that the Court screen these claims is DENIED as moot because the Court has already done so.

II.  Additional First Amendment Claims

A.   Mail Processing Delays

Plaintiffs allege that Defendants violated Plaintiffs' First Amendment rights by lengthy mail processing delays.

Prison inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Prison officials have a responsibility to forward mail to inmates promptly. Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). Any practice or regulation which unduly delays an inmate's incoming mail must accordingly be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). These interests include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989).

Plaintiffs' claim of lengthy mail processing delays is cognizable.

B.   Ban on Certain Periodicals

Plaintiffs allege that biker life-style and skin art magazines

5

are the only magazines available that keep them abreast of current events regarding issues of particular interest and value to them. Plaintiffs allege that they had access to such magazines for over twenty years in CDC prisons until 2002 when Defendants banned them because of frontal nudity and "contraband and serious rules violations."  Compl. at 36-37.

Regulations limiting prisoners' access to publications or other information are valid only if they are reasonably related to legitimate penological interests.  Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner, 482 U.S. at 89).  There are four factors to consider when determining whether a regulation is reasonably related to legitimate penological interests: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives", or, in other words, whether the rule at issue is an "exaggerated response to prison concerns."  Turner, 482 U.S. at 89-90.

Plaintiffs allege that Defendants have arbitrarily and without reasonable penological justification denied Plaintiffs access to these magazines in violation of the First Amendment and of California Penal Code §§ 2600 and 2601 regarding prisoners' entitlement to receive any and all magazines that are available to the public except materials deemed "obscene."  Compl. at 52.  This

6

claim is cognizable.

## CONCLUSION

For the foregoing reasons, Defendants' motion to screen complaint (Docket no. 4) is GRANTED in part and DENIED in part as moot. The Court finds that all of Plaintiffs' claims are cognizable. Defendants shall file an answer to the complaint or other responsive pleading within sixty days of the date of this Order.

IT IS SO ORDERED.

Dated: 10/12/05

_____
CLAUDIA WILKEN
United States District Judge