J. RANDALL ANDRADA (SBN 70000)
BRENDAN KENNY (SBN 237969)
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 925
Oakland, California  94612
Tel.:    (510) 287-4160
Fax:    (510) 287-4161
E-mail:  bkenny@andradalaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, R. Q. HICKMAN, EDWARD ALAMEIDA, JR., JEANNE WOODFORD, JOE McGRATH, CAROL DALY, RICHARD KIRKLAND, GRAY DAVIS, SUSAN FISHER, BRETT GRANLUND, SHARON LAWIN, GEORGE LEHMAN, JONES M. MOORE, KENNETH L. RISEN, MR. ROOS, LARRY STARN, BOOKER T. WELCH, PETE WILSON,<br><br>Defendants. | Case No.:  C 05-03286-CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER**<br><br>Date:             July 19, 2004<br>Time:            9:30 a.m.<br>Courtroom:    F<br>Magistrate Judge:  Honorable James Larson |

Defendants ARNOLD SCHWARZENEGGER, R. O. HICKMAN, EDWARD ALAMEIDA, JR., JEANNE WOODFORD, JOE McGRATH, CAROL DALY, RICHARD KIRKLAND, GRAY DAVIS, SUSAN FISHER, BRETT GRANLUND, SHARON LAWIN, GEORGE LEHMAN, JONES M. MOORE, KENNETH L. RISEN, MR. ROOS, LARRY STARN, BOOKER T. WELCH, and PETE WILSON respectfully submit the following Memorandum of Points and Authorities in reply to plaintiffs' opposition to defendants' motion for a protective order.

### I.   **INTRODUCTION**

Plaintiffs' opposition to defendants' motion for a protective order fails because plaintiffs cannot establish that their requests for admissions (RFAs) are proper.  There is good cause for the protective

1

{00045246.DOC/}  DOC 0594                                                                                                  *Ashker et al. v. Schwarzenegger, et al.*
MEMO OF POINTS & AUTHORITIES IN REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER            C 05 3286 CW (PR)

order as the RFAs propounded by plaintiffs cause "annoyance, embarrassment, oppression, undue burden or expense."

Accordingly, this Court should grant defendants' motion and issue a protective order that (1) will preclude plaintiffs from demand responses to improper requests for admissions, and (2) provides for the Court to review all future requests for admissions to defendants and preclude plaintiffs from demanding responses to future improper requests for admissions.

## II. LEGAL ARGUMENT

### A. Good Cause Exists to Grant Defendants' Motion for Protective Order.

#### 1. Defendants should not be required to answer the improper requests identified in their motion for a protective order.

Federal Rule 26(b)(2) states in pertinent part as follows:

"The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that :
(i) the discovery sought is unreasonably cumulative or duplicative or is obtainable from some source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovering the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Mr. Franck states on page 11, lines 1-4, of his Opposition:

"[O]ur many requests for admissions seek to do exactly what the rule allows: To see what kind of factual issues the defendants admit to and what kind of issues they deny. The requests do not ask to uncover evidence. The requests do not ask of legal issues."

In fact, many of the requests for admissions do seek to resolve the legal issues which are disputed in this case. (See, e.g., Exhibit E, Request Nos. 111 and 121.[1]) In any case, it is not enough under the "rule" that plaintiffs' RFAs require defendants to admit and deny factual issues.

Mr. Franck states on page 7, lines 16-18, of his Opposition:

---

[1] Mindful of the volume of exhibits in defendants' motion for a protective order, defendants have not included these exhibits in this Reply. For purposes of this Reply motion, the RFAs to the BPH defendants will be cited as Exhibit I. The RFAs to defendant Woodford (Exhibit E in defendants' motion for a protective order) will be cited as Exhibit E. All other exhibits cited are those in support of this Reply.

2

> "The Requests for Admissions have attached a series of news articles, prison records, other reports, and have asked a series of questions to admit or deny the contents of those matters. It is plaintiffs' belief that most of their requests will be admitted, as the facts are the facts."

Plaintiffs appear to misunderstand the legal standard. RFAs serve the purpose of establishing the truth of any matters within the scope of Rule 26(b)(1), that relate to "statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request." FRCP 36(a). However, RFAs are not a general discovery device. *Misco, Inc. v. U.S. Steel Corp.* (6th Circ.) 784 F.2d 198, 205-206. Plaintiffs do not seek to establish the genuineness of "news articles, prison records, and other reports." Instead, they seek to prove the contents of documents or the truth of matters addressed in these documents. (See, e.g., Exhibit I, Request Nos. 8-13.) The use of RFAs for this purpose is improper, as it wastes the time and resources of the litigants and the Court for no good purpose. *Wigler v. Electronic Data Systems Corp.* (D.M.D. 1985) 108 F.R.D. 204-205.

Mr. Franck states at lines 21 to 22 of page 7 of the Opposition:

> "The defendants claim the requests for admissions are too voluminous, and that they numbered more than 2300. That number is an exaggeration."

Plaintiffs misstate the facts. Defendants have received 2,265 RFAs. There will be more to follow. Defendants Schwarzenegger, Hickman, Alameida, and Fisher have not yet been served with RFAs. (Kenny Decl., ¶ 5.)

On page 13-14 of the opposition, plaintiffs cite *Banana Distributors, Inc. v. United Fruit Company* (S.D.N.Y. 1956) 19 F.R.D. 493 in support of their contention that the RFAs are proper. Plaintiffs correctly state that in considering a motion for a protective order, courts must balance plaintiffs' needs with the burden on the defendant. In *Banana Distributors*, the court held that the questionable relevance of the evidence sought by plaintiff and "the real danger of duplicating volumes of work" led the court to issue a protective order.

Here, plaintiffs have many documents which they believe support their causes of action. Rather than seek to force defendants to make plaintiffs' cause for them, this Court should issue a protective order.

Mr. Franck states on page 14, lines 18-20, of the Opposition:

3

> "It should be noted that the Requests for Admissions propounded by plaintiffs require a one word answer [admit or deny], and don't ask questions like 'explain every single piece of paper that you have . . . .'"

This is irrelevant. Because plaintiffs have propounded RFAs, the response is to admit or deny. Additionally, plaintiffs appear to misunderstand the relevant law. Federal Rule 36(a) provides that:

> "If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter as set forth and detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is required, the party shall specify so much as is true and qualify or deny the remainder."

Many of plaintiffs' requests are so broad and compound that defendants could not property answer them with a simply admit or deny. Many of the RFAs are compound, confusing or unintelligible. (See, e.g., Exhibit I, Request Nos. 63-77.) It would take a great deal of time for defendants to craft answers to these RFAs which are responsive without being prejudicial.

Mr. Franck states on page 15, line 11-12, of his Opposition:

> "The issues in this case are rather widespread, yet are still focused on one basic problem: The mishandling of parole consideration for Pelican Bay SHU inmates."

There is no other way to put it: Plaintiffs misstate their own case. Plaintiffs allege that defendants violated numerous constitutional rights, stemming from numerous factual allegations. The RFAs served on the BPH defendants are bad enough, but there are also additional RFAs expected for the remaining defendants: namely, Arnold Schwarzenegger, Edward Alameida, Gray Davis, Susan Fisher, and Pete Wilson. (Kenny Decl., ¶ 5.) Defendants filed a motion for protective order to end this abuse of the discovery process. As we noted in our motion, we were hopeful that plaintiffs would agree to remove RFAs that are an abuse to the discovery process. When we received the RFAs to the BPH defendants, we realized that a protective order was necessary to end the abuse of the discovery process.

Mr. Franck states on page 15, lines 24-25, of his Opposition:

> "It is true that some of the Requests for Admissions use subparts. This was done to reduce the number. If we did otherwise there would be even more."

Plaintiffs can be commended for their honesty. They use subparts in order to make it seem that there are fewer RFAs. If each subpart in the RFAs to the BPH defendants had been separately

4

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

numbered, there would be 684 additional RFAs. (Exhibit I.) If each subpart in the RFAs to defendants McGrath, Kirkland, and Woodford had been separately numbered, there would be 263 additional RFAs. (Kenny Decl., ¶ 4.) Plaintiffs have clearly shown that they have no interest in complying with the rules governing the discovery process.

### 2. The Alternative Remedies Proposed by Plaintiffs are Inadequate.

First, plaintiffs ask the Court to reduce the RFAs by "some less devastating amount", such as 20%. Much more than 20% of the RFAs to the BPH defendants are in violation of Rule 36(a). Plaintiffs argue, in effect, that this Court should enforce the discovery rules by removing the most egregious RFAs. Reducing the RFAs by an arbitrary, minimal amount will not protect defendants from the harassment and oppression caused by plaintiffs' abuse of the discovery process.

Second, plaintiffs suggest that defendants answer RFAs in depositions (Plaintiffs' Opposition at 16:15-16). This is simply ridiculous.

Plaintiffs are manifestly unwilling to responsibly engage in discovery. Defendants' motion for a protective order should be granted.

### III. CONCLUSION

Plaintiffs' opposition makes the matter clear: They will continue to abuse the discovery process until and unless this Court issues a protective order. Defendants respectfully request that this Court issue a protective order.

Dated:    July 5, 2006                                    Respectfully submitted,

ANDRADA & ASSOCIATES

                                                          /s/ Brendan Kenny
                                                    By _____
                                                          BRENDAN KENNY
                                                          Attorneys for Defendants

## PROOF OF SERVICE

<u>Todd Ashker, et al. v. Arnold Schwarzenegger, et al..</u>
U. S. District Court Case No. C05 3286 CW

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action; that my business address is 180 Grand Avenue, Suite 925, Oakland, California; and that on 7/5/2006, I served a true copy of the foregoing document(s) entitled:

**(1) MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER; and**

**(2) DECLARATION OF BRENDAN KENNY IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Herman Franck, Esq.　　　　　　　　　　　　　　**Attorney for Plaintiffs**
Law Offices of Herman Franck
1801 – 7th Street, Suite 150
Sacramento, CA  95814
Tel:  (916) 447-8400 / Fax:  (916) 447-0720
Email:  franckherman@cs.com

__X__　(By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Andrada & Associates.

_____　(By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

_____　(By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

_____　(By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to the person(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 7/5/2006, at Oakland, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Lilian Roberts
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　LILIAN ROBERTS

6

{00045246.DOC/}  DOC 0594　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Ashker et al. v. Schwarzenegger, et al.*
MEMO OF POINTS & AUTHORITIES IN REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER　　　　　C 05 3286 CW (PR)