IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEWIS ASHKER and DANNY TROXELL, | No. C 05-3286 CW |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiffs Todd Ashker and Danny Troxell, prisoners of the State of California who are incarcerated in the Security Housing Unit (SHU) at Pelican Bay State Prison (PBSP), move for leave to file a motion for reconsideration (Docket # 149) of the Court's June 14, 2007 Order Granting in Part Defendants' Motion to Dismiss and Denying it in Part and Denying in Part Plaintiffs' Motion to Amend Complaint (June 14 Order) (Docket # 140).  Defendants oppose the motion for reconsideration.  Because Plaintiffs' motion for leave is very detailed and because Defendants have filed an opposition to it, the Court considers it a motion for reconsideration.  Having considered all the papers filed by the parties, the Court GRANTS in part and DENIES in part Plaintiffs' motion for reconsideration.

BACKGROUND

In their motion to dismiss, Defendants moved to dismiss the

first, third, fourth and fifth claims in Plaintiffs' first amended complaint (FAC): (1) violation of First Amendment freedom to associate; (3) violation of Fifth Amendment freedom against self-incrimination arising from the CDCR's debriefing requirement and Fifth and Fourteenth Amendment right to procedural and substantive due process of law; (4) violation of Eighth Amendment prohibition of cruel and unusual punishment, also arising from the debriefing requirement; and (5) (a) violation of the Ex Post Facto clause of the United States Constitution for retention in the SHU on indeterminate status based upon gang association, (b) violation of the Due Process Clause of the Fourteenth Amendment due to their SHU status and lack of access to prison programs, which prevent them from being granted parole, (c) violation of the Equal Protection Clause of the Fourteenth Amendment because of different treatment of white SHU inmates, (d) violation of procedural and substantive due process under the Fourteenth Amendment based on the deprivation of their liberty interest in being paroled, and (e) violation of their procedural and substantive due process rights by denying them release from the SHU based on their inactive status in the Aryan Brotherhood gang (AB), when no reliable evidence was presented to demonstrate their participation in illegal gang activity.

Primarily, Defendants argued that these claims must be dismissed because Plaintiffs had failed to exhaust their administrative remedies. The Court first undertook an extensive analysis of the evidence and argument submitted by both parties regarding whether each of Plaintiffs' appeals had been exhausted. Because Plaintiffs' administrative appeals used different language

2

from the claims presented to the Court, the Court then analyzed whether the claims presented in the FAC had been sufficiently stated in those appeals that had been fully exhausted to have put Defendants on notice of the rights Plaintiffs alleged Defendants had violated. The Court concluded that four claims in the complaint had been fully exhausted: (1) Plaintiffs' second cause of action for a First Amendment violation premised on denial of access to certain magazines; (2) Plaintiffs' due process claim based on Defendants' procedure for determining whether Plaintiffs are active or inactive gang members; (3) Plaintiffs' sixth cause of action for negligence; and (4) Plaintiffs' seventh cause of action for an intentional tort.

Plaintiffs request reconsideration of the dismissal of the following claims: (1) claims against the Board of Prison Hearings (BPH) in the fifth cause of action; (2) claims based on self-incrimination and refusal to debrief in the third cause of action; and (3) the claim based on cruel and unusual punishment in the fourth cause of action.

LEGAL STANDARD

Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1980). Jurisdictional defects and frivolous or meritless claims cannot be remedied by merely moving for reconsideration. United States v. Hetrick, 644 F.2d 752, 756 (9th Cir. 1980). "`[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the

3

1 need to correct a clear error or prevent manifest injustice.'"
2 Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369
3 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining
4 Co., 433 F.2d 713, 715 (9th Cir. 1970)).

DISCUSSION

I. Claims Against BPH

　　Plaintiffs brought two claims against the BPH: (1) violation of the ex post facto clause of the Constitution and (2) violation of their liberty interests in parole.  In the June 14 Order, the Court found that Troxell had not exhausted his claims against the BPH but that Ashker had.  The Court, citing Docken v. Chase, 393 F.3d 1024, 2038 (9th Cir. 2004), dismissed Ashker's claims without prejudice to filing them in a petition for writ of habeas corpus because it appeared from his complaint that the claims sought an earlier release date.  In his motion for reconsideration, Ashker, citing Wilkinson v. Dotson, 544 U.S. 74 (2005) and Osborne v. District Attorney's Office, 423 F.3d 1050 (9th Cir. 2005), clarifies that he seeks only prospective injunctive relief and that it will not necessarily affect the fact or duration of his sentence if he is successful.  Defendants argue that the Court should not reconsider its ruling on this claim because, in his FAC, Ashker requests compensatory damages from each defendant in excess of $1,000,000 as well as punitive and exemplary damages and Ashker's pleadings allege that the only reason he has not been granted a parole date is PBSP's gang validation policy and BPH's no-parole policy.  Defs' Opp. at 4.

　　In Docken, the Ninth Circuit held that "when prison inmates

4

seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute.  Whether such relief is also available under § 1983 depends on the application of [Heck v. Humphrey's] favorable termination rule in this case, an issue not before us . . . "  Docken, 393 F.3d at 1031 (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

Therefore, Docken did not warrant dismissal of Ashker's claims against the BPH based upon the grounds that they could only have been brought in a habeas petition.

In Heck, the inmate sought only damages, not injunctive relief or release from custody, for alleged constitutional violations committed during his arrest and confinement.  Id. at 479.  Heck held that a damages action is not cognizable under § 1983 if a judgment in the plaintiff's favor would imply the invalidity of the conviction or sentence unless the conviction or sentence has already been invalidated.  Id. at 487.

However, in Wilkinson, the Supreme Court further explained its ruling in Heck.  The Supreme Court explained that "§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner."  Wilkinson, 544 U.S. at 82.  In other words, "a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings), if success in that action would necessarily

5

demonstrate the invalidity of confinement or its duration." Id. The Court applied these principles to the two consolidated cases before it in which two inmates brought § 1983 actions claiming that the application by the parole board of the harsher parole guidelines that were enacted after the date of their convictions was unconstitutional. Id. The Court concluded that the claims were cognizable under § 1983 because the inmates only sought prospective injunctive relief seeking new parole hearings in which the parole board would apply the guidelines in effect at the time they were convicted. Id. The Court concluded that the connection between the use of the proper parole guidelines and the prisoners' release from confinement was too tenuous to require that the claim be brought only in a habeas petition. Id. at 78. The Court explained that the prisoners were not challenging the fact or duration of their confinement but were seeking a declaration that the parole proceedings were invalid and an injunction against the prospective enforcement of allegedly invalid parole guidelines. Id. at 80-82. The Court distinguished the case before it from Preiser v. Rodriquez, 411 U.S. 475, 476 (1973) in which prisoners were seeking reinstatement of good-time credits of which they allegedly been unconstitutionally deprived at a prison disciplinary proceeding. Id. at 78. The Court explained that because restoration of good-time credits would necessarily result in immediate release or a shorter period of detention, the case fell within the core of habeas corpus and could not be prosecuted in a § 1983 proceeding. Id. at 79. The Court cited Wolff v. McDonnell, 418 U.S. 475 (1973), which also held that an action for restoration

of good-time credits improperly taken in an unconstitutional proceeding must be brought in a habeas proceeding. Id. However, in Wolff, the Court noted that the inmates could use § 1983 to obtain a declaration that the disciplinary procedures were invalid as a predicate to their requested damages award, and they could also seek an injunction enjoining the prospective enforcement of invalid prison regulations. Id. (citing Wolff, 418 U.S. at 553). The Court explained that success in the two § 1983 actions in Wilkinson would not result in immediate release or a shorter period of incarceration because the prisoners attacked only the wrong procedures, not the wrong result. Id. at 80.

Osborne addressed a prisoner § 1983 action seeking to compel the district attorney to release certain biological evidence that was used to convict the petitioner of kidnaping and sexual assault. Osborne, 423 F.3d at 1051. The district court dismissed the § 1983 action as barred by Heck because the petitioner sought to set the stage for an attack on his underlying conviction. Id. The Ninth Circuit reversed on the ground that success in obtaining the evidence would not necessarily demonstrate the invalidity of his incarceration or its duration. Id. at 1054. The court explained that because success would yield only access to the evidence and that DNA analysis of the evidence might prove exculpatory, inculpatory or inconclusive, there was a significant chance that the results would confirm or have no significant effect on the validity of the prisoner's conviction. Id.

Defendants rely on Butterfield v. Bail, 120 F.3d 1024 (9th Cir. 1997). In that case, the district court had dismissed a

7

prisoner's § 1983 action alleging that the defendants had violated his due process rights because they relied on false information to find him ineligible for parole. Id. at 1024. The Ninth Circuit affirmed the dismissal on the ground that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement. . . . Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." Id. Furthermore, the fact that the prisoner only asked for money damages rather than an injunction did not remedy the fact that he was not challenging the length of his confinement, because his damages could only be measured by that confinement. Id. at 1025.

However, the Ninth Circuit did not have the benefit of the reasoning in Wilkinson when it decided Butterfield.

Ashker clarifies that, like the inmates in Wilkinson, he seeks only prospective injunctive relief enjoining the BPH from using allegedly unconstitutional guidelines at his next hearing. Unlike the inmates in Preiser and Wolff, he is not requesting monetary damages or that the Court take any action that would directly result in his immediate release or a shorter period of confinement. Thus, Ashker's claims do not lie at the core of habeas corpus, and they may be brought under § 1983. Therefore, the Court reconsiders its previous order relating to Ashker's claims against the BPH and DENIES Defendants' motion to dismiss them.

8

## II. Exhaustion of Other Claims

The Court has reviewed Plaintiffs' arguments and declarations supporting their contention that the other claims cited in their motion for reconsideration have been exhausted. However, the Court thoroughly reviewed all the evidence and arguments submitted by the parties on this issue in ruling on Defendants' motion to dismiss. Plaintiffs fail to present any intervening change in law or new evidence that was unavailable at the time they filed their opposition to the motion to dismiss. Therefore, reconsideration of this part of the Court's June 14 Order is not warranted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for reconsideration in part and DENIES it in part (Docket # 149). The June 14, 2007 Order is amended in regard to Ashker's constitutional claims against the BPH which are not dismissed. All other parts of the June 14, 2007 Order remain in effect.

IT IS SO ORDERED.

Dated: 9/20/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER ET AL et al,

        Plaintiff,

v.

SCHWARZENEGGER ET AL et al,

        Defendant.

Case Number: CV05-03286 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell B-76578
Pelican Bay State Prison
P.O. Box 7500, C-8-101
Crescent City, CA 95531

J. Randall Andrada
Andrada & Associates
180 Grand Avenue
Suite 925
Oakland, CA 94612

Todd Ashker C-58191
Pelican Bay State Prison
P.O. Box 7500, D1-119
Crescent City, CA 95531

Dated: September 20, 2007

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk