United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL, | No. C 05-03286 CW (PR) |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO HAVE SECOND AMENDED COMPLAINT DEEMED TO BE SUPPLEMENTAL COMPLAINT (Docket Nos. 94 and 155) AND ORDER REGARDING BRIEFING SCHEDULE |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

On August 11, 2005, Plaintiffs filed their complaint in this action. On January 30, 2006, the parties stipulated to allow Plaintiffs leave to file a first amended complaint (FAC). (Docket Nos. 21 and 22). On August 30, 2006, Defendants filed a motion to dismiss. (Docket No. 75). On November 13, 2006, Plaintiffs moved for leave to file a second amended complaint (SAC) in which they sought to add two defendants and two causes of action. (Docket No. 94). On June 14, 2007, the Court issued an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Plaintiffs' Motion for Leave to File a SAC (June 14, 2007 Order). (Docket No. 140). The Court denied without prejudice Defendants' motion to dismiss based on the statute of limitations because Defendants had not had an opportunity to address the arguments regarding continuing violations or equitable tolling that Plaintiffs had raised in their supplemental opposition. Also, in the June 14,

2007 Order, the Court denied Plaintiffs' request for leave to add two defendants and ordered Defendants to file any opposition to Plaintiffs' motion to add two causes of action and to address in the opposition any statute of limitations issue regarding Plaintiffs' due process claim arising from Defendants' Aryan Brotherhood (AB) gang validation procedure. On July 13, 2007, Defendants filed their opposition. Also on July 13, 2007, Plaintiffs filed a motion for leave to have the Court deem their SAC a supplemental complaint. (Docket No. 155). On September 7, 2007, Defendants' attorney filed a letter in which he stated that he believed that filing an opposition to Plaintiffs' motion to deem their SAC a supplemental complaint would be premature until the Court ruled on Plaintiffs' motion for leave to file the SAC. (Docket No. 169). Having considered all the papers filed by the parties, the Court DENIES Plaintiffs' request to file a SAC and DENIES as moot Plaintiffs' motion to deem their SAC a supplemental complaint.

BACKGROUND

In their FAC, Plaintiffs alleged the following seven causes of action: (1) violation of their First Amendment right of freedom to associate arising from being housed in the Secured Housing Unit (SHU) for allegedly associating with the AB gang; (2) violation of their First Amendment right of freedom of speech arising from the denial of certain magazines; (3) violation of their Fifth Amendment freedom against self-incrimination arising from the debriefing requirement imposed by the California Department of Correction and Rehabilitation (CDCR) and of their Fifth and Fourteenth Amendment

2

right to procedural and substantive due process of law arising from their inability to get released from the SHU; (4) violation of the Eighth Amendment prohibition of cruel and unusual punishment, also arising from the debriefing requirement; (5) violation of the Ex Post Facto clause of the United States Constitution for retention in the SHU on indeterminate status based upon gang association, violation of the Due Process Clause of the Fourteenth Amendment due to their SHU status and lack of access to prison programs which prevent them from being granted parole, and violation of the Equal Protection Clause of the Fourteenth Amendment because of different treatment of white SHU inmates; (6) negligence; and (7) an intentional tort.

In their motion to dismiss, Defendants sought to dismiss Plaintiffs' first, third, fourth and fifth causes of action based upon Plaintiffs' failure to satisfy the administrative exhaustion requirement. The Court dismissed all causes of action for failure to exhaust with the exception of the following: (1) the second cause of action for a First Amendment violation premised on Defendants' failure to allow Plaintiffs access to certain magazines; (2) due process claim based on Defendants' procedure for determining whether Plaintiffs are active or inactive gang members; (3) the sixth cause of action for negligence; and (4) the seventh cause of action for an intentional tort. See June 14, 2007 Order at 24. The Court found that Plaintiffs' due process claim was exhausted because Ashker's appeals numbered 01-2335 and 04-2600 and Troxell's appeal numbered 88-1657 addressing CDCR's procedures for establishing gang validation and inactive gang status had been

exhausted.

On September 20, 2007, in an Order Granting in Part and Denying in Part Plaintiffs' Motion for Reconsideration (Docket No. 169), the Court held that Ashker's claims for prospective injunctive relief against the Board of Prison Hearings (BPH) based on violations of the ex post facto clause of the Constitution and violation of Ashker's liberty interests in parole were exhausted and could go forward. See September 20, 2007 Order at 8.

In the motion for leave to file an SAC, Plaintiffs seek to add two claims: (1) a First Amendment claim based on the theory that the policy requiring prisoners to become informants in order to be released from the SHU violates their constitutional right not to speak; and (2) an Eighth Amendment claim based on the theory that prolonged isolation in the SHU adversely affects Plaintiffs' mental health.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15--to facilitate decisions on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

4

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962). However, these factors are not of equal weight; specifically, delay alone is an insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Futility of amendment, by contrast, can alone justify the denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). In other words, if the proposed amended complaint cannot withstand a motion to dismiss, it should be denied as futile. Id.

DISCUSSION

I. Supplemental Claims

Defendants argue that Plaintiffs' two supplemental claims are futile because they are based on the same facts as Plaintiffs' third and fourth causes of action which the Court previously dismissed for lack of exhaustion.

It appears that Plaintiffs' new First Amendment claim, the violation of their claimed right to keep silent, is based upon facts similar to those alleged in their original claims for violation of their Fifth Amendment right against self-incrimination and of their procedural and substantive due process rights arising from their continued retention in the SHU. In the June 14, 2007 Order, the Court dismissed these claims for failure to exhaust.

5

See June 14, 2007 Order at 17-18. It appears that the new Eighth Amendment claim is based upon facts similar to those alleged in Plaintiffs' original Eighth Amendment claim of cruel and unusual punishment arising from the debriefing requirement and the above-mentioned due process claims. In the June 14, 2007 Order, the Court dismissed Plaintiffs' Eighth Amendment claim as well as the due process claims for lack of exhaustion. See June 14, 2007 Order at 18-19. Plaintiffs do not show that their two new claims have been exhausted. In fact, in their reply brief, Plaintiffs explain that research on mental illness as a result of long-term isolation in the SHU is only recent and thus, they were not aware of this claim until recently. See Reply at 3-4. Therefore, it would be futile to add these claim because they would be dismissed for lack of exhaustion; Plaintiffs' motion to file supplemental claims is DENIED. Plaintiffs' motion to deem the SAC a supplemental complaint is DENIED as moot.

II. Statute of Limitations Defense to Due Process Claims Arising From AB Gang Validation Procedures

In the June 14, 2007 Order, the Court denied without prejudice Defendants' motion to dismiss on statute of limitations grounds but allowed Defendants to address the issue in their opposition to Plaintiffs' motion to amend the complaint. See June 14, 2007 Order at 25. In their supplemental opposition to Defendants' motion to dismiss, Plaintiffs had argued that their claims based on AB gang validation are not barred by the statute of limitations and even if they were, equitable tolling or the doctrine of continuing violations would apply.

The applicable statute of limitations for § 1983 claims is the forum State's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). The forum State's law on equitable tolling is also applied to § 1983 claims. Id. Effective January 1, 2003, California's statute of limitations for personal injury actions was increased from one to two years. Id. (citing Cal. Civ. Proc. Code § 340(3)). Because Plaintiffs' complaint was filed on August 11, 2005, the two-year limitations period applies to their § 1983 claims. California law also provides for the tolling of the statute of limitations for two years based on the disability of imprisonment. Id. (citing Cal. Civ. Proc. Code § 352.1(a)). Therefore, claims based on events that occurred since August 11, 2001 are timely.

Defendants concede that under California law, Plaintiffs had four years to bring § 1983 claims and thus, Ashker's due process claim challenging the procedures that were used to determine his inactive gang status and his indeterminate SHU status, based on exhausted appeals 01-2335 and 04-2600, are not barred by the statute of limitations. However, Defendants argue that Troxell's similar due process claim, which was exhausted in appeal 88-1657, is barred by the statute of limitations because it is based on events that occurred prior to August 11, 2001.

Plaintiffs argue that Troxell's claim is timely due to the application of equitable tolling. Under California's equitable tolling doctrine, "a plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: (1) timely notice to the defendants

7

in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). The doctrine "focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." Id. Whether the two claims are similar is relevant to the second factor: prejudice to the defendant. Id.

Although Plaintiffs argue that Troxell's appeal 88-1657 tolled the statute so that his claim is timely, they do not provide the time period during which Troxell's administrative appeal was pending. And even if Troxell's 1988 appeal tolled the statute of limitations, the appeal could not have been pending long enough to overcome the fact that the complaint was filed in 2005, seventeen years after Troxell filed his appeal in 1988. Therefore, equitable tolling does not remedy the statute of limitations bar.

Plaintiffs also argue that Troxell's claim is timely because it is based on a continuing violation. Before 2002, a plaintiff could invoke the continuing violation doctrine by showing a series of related acts, one or more of which fell within the limitations period, or a systemic policy or practice of discrimination before and during the limitations period. See Gutowsky v. County of Placer, 108 F.3d 256, 259 (9th Cir. 1997). However, in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), the Supreme Court invalidated the related acts method of showing a continuing violation, reasoning that discrete discriminatory acts are not actionable if time-barred, even if they are related to acts alleged

in timely filed charges.  However, the Supreme Court did not invalidate the continuing violation theory premised on a systemic policy or practice of discrimination adversely affecting the plaintiff within the limitations period.  <u>Carpinteria Valley Farms v. Santa Barbara</u>, 344 F.3d 822, 829 n.3 (9th Cir. 2003).

In their reply brief, Plaintiffs state, "From 1988 to 1999, Defendants' policy of confining prisoners classified as gang members/associates to indefinite SHU terms until they snitched, paroled, or died, was an [unconstitutional] policy.  And at some point in time Defendants began to arbitrarily enforce this policy by keeping certain inmates on indefinite SHU status, while allowing tens of thousands of others to be on general population status. . . .  And Plaintiffs have been subject to a defacto, indefinite (SHU) status. . ."  Reply at 10-11.  This is sufficient to invoke the continuing violations doctrine.[1]

Citing <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 238-39 (9th Cir. 1991), Defendants argue that the continuing violation doctrine doesn't apply because a mere continuing impact from past violations is not actionable.  <u>Grimes</u>, however, is distinguishable from the facts here.  In <u>Grimes</u>, the past violation consisted of the discrete act of termination from employment.  The continuing violations doctrine does not apply to employment termination claims because termination is one discrete act, even if

---

[1] Although these statements are made in Plaintiffs' reply brief and not in their complaint, the Court will not require Plaintiffs to refile an amended complaint to include the appropriate allegations, but will construe the complaint as if it contained these allegations.

9

it is based upon discrimination and even if its effects are not felt for years later. Id. In this case, Troxell was held in the SHU, allegedly based upon an unconstitutional policy. If true, this allegation would mean that Troxell was kept in the SHU, not as the result of one discrete act, but as the result of a series of actions taken by Defendants over time, from the time that Troxell filed his appeal in 1988 to the time he filed the instant complaint. Thus, the continuing violations doctrine might apply. Defendants' motion to dismiss Troxell's due process claim based upon statute of limitations grounds is DENIED without prejudice to re-filing it with their motion for summary judgment.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for leave to file a SAC and motion to deem the SAC a supplemental complaint are DENIED. Defendants' motion to dismiss, based on the statute of limitations, Plaintiffs' due process claims arising from Defendants' AB validation procedure is DENIED. The claims remaining in this case are (1) violation of Plaintiffs' First Amendment right of freedom of speech arising from the prohibition of certain magazines; (2) violation of Plaintiffs' procedural and substantive due process rights arising from Defendants' AB gang validation procedures; (3) Ashker's claim for injunctive relief based on due process violations in parole procedures and lack of access to prison programs; (4) negligence; and (5) intentional tort.

In an effort to adjudicate the remaining claims more quickly, the Court issues the following briefing schedule. All dispositive motions must be filed no later than two months from the date of

this order. Opposition briefs are due one month thereafter. Replies are due two weeks thereafter. Because this case is over two years old and Plaintiffs have already amended their complaint, Plaintiffs may not file any additional motions to amend or supplement their complaint. Any new claims must be filed in a new complaint.

IT IS SO ORDERED.

Dated: 12/26/07

CLAUDIA WILKEN
United States District Judge

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

ASHKER ET AL et al,

    Plaintiff,

  v.

SCHWARZENEGGER ET AL et al,

    Defendant.

Case Number: CV05-03286 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell B-76578
Pelican Bay State Prison
P.O. Box 7500, C-8-101
Crescent City, CA 95531

J. Randall Andrada
Andrada & Associates
Professional Corporation
180 Grand Avenue
Suite 225
Oakland, CA 94612

Todd Ashker C-58191
Pelican Bay State Prison
P.O. Box 7500, D1-119
Crescent City, CA 95531

Dated: December 26, 2007

                      Richard W. Wieking, Clerk
                      By: Sheilah Cahill, Deputy Clerk