United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, ET AL., | No. C 05-3286 CW (JL) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DISCOVERY MOTION** |
| ARNOLD SCHWARZENEGGER, | |
| Defendants. | **(Docket Nos. 161, 174)** |

**Introduction**

All discovery in this case was referred by the district court (Hon. Claudia Wilken) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72. The Court considered the papers and hereby grants Plaintiff's Motion for Access to Evidence. Compliance with the Court's order shall be due two weeks from the e-filing of this Order.

**Factual Background**

Plaintiffs' First Amended Complaint (FAC) alleges that: Plaintiffs are incarcerated at the Pelican Bay State Prison (PBSP) Special Housing Unit (SHU). Todd Lewis Ashker (Ashker) was sentenced to a six year prison term for burglary in 1984. In 1990, he was convicted of second-degree murder of another inmate at PBSP and was sentenced to a prison term of twenty-one years to life. Ashker has been housed in the SHU at PBSP since

1990. Danny Troxell (Troxell) pleaded guilty to first-degree murder in 1979 and is serving a sentence of twenty-six years to life. Troxell has been housed in the SHU since 1989.

Plaintiffs were placed in the SHU because of their alleged membership in or association with the Aryan Brotherhood (AB) prison gang; they were each re-validated as gang members on July 8, 2003. Both deny that they are AB members or associates. Due to their alleged gang associations, they are housed in the SHU on "indeterminate" status. According to Plaintiffs, California Department of Corrections and Rehabilitation (CDCR)[1] policy is that Plaintiffs cannot be released from the SHU unless they are paroled, they debrief, or they are inactive in gang activity for a period of six years.

Plaintiffs allege five claims under 42 U.S.C. Section 1983 for violations arising under the U.S. Constitution: (1) violation of First Amendment freedom to associate; (2) violation of First Amendment free speech rights; (3) violation of Fifth Amendment freedom against self-incrimination; (4) violation of Eighth Amendment's prohibition of cruel and unusual punishment; and (5) (a) violation of the ex post facto clause of the United States Constitution, (b) violation of the due process clause of the Fourteenth Amendment, (c) violation of the equal protection clause of the Fourteenth Amendment, (d) violation of procedural and substantive due process under the Fourteenth Amendment, and (e) violation of procedural and substantive due process. Plaintiffs also raise two state law claims: (6) negligence for violations of duties of care and *per se* negligence for violation of 15 CCR Sections 3040 and 3343(k); and (7) intentional tort claim for intentional deprivation of Plaintiffs' parole rights with malicious intent. Plaintiffs seek injunctive and compensatory relief.

Defendants deny both that there is a "blanket no-parole policy" for SHU prisoners and that Plaintiffs have been injured by Defendants' actions.

---

[1] The California Department of Corrections and Rehabilitation was formerly known as the California Department of Corrections.

**Procedural Background**

Plaintiffs filed the present action on August 11, 2005, and filed their first amended complaint on January 30, 2006. The case was assigned to United States District Judge Claudia Wilken. The case was first referred to Magistrate Judge James Larson for discovery purposes on May 19, 2006.

On February 26, 2007, Plaintiffs filed two motions: (1) Motion to Compel Production of Documents and (2) Motion to Take Written Deposition. On March 7, 2007, Plaintiffs filed a Motion for Exchange of Documents and Protective Order. In response, Defendants filed an Ex Parte Application to Continue Hearing Dates on Plaintiffs' Discovery Motion. On April 5, 2007, Judge Larson issued an Order staying discovery proceedings and barring the plaintiffs from filing further discovery motions pending Judge Wilken's ruling on Defendants' Motion to Dismiss.

On June 14, 2007, Judge Wilken issued an Order granting in part and denying in part Defendants' Motion to Dismiss. (Order Granting in part Defs.' Mot. to Dismiss and Den. it in part and Den. in part Pls.' Mot. to Amend Compl., June 14, 2007.) The Order permitted four causes of action to move forward: (1) Plaintiffs' second cause of action for a First Amendment violation premised on Defendants' not allowing Plaintiffs access to certain magazines; (2) Plaintiffs' due process claims based on Defendants' procedure for determining whether Plaintiffs are active or inactive gang members; (3) Plaintiffs' sixth cause of action for negligence; and (4) Plaintiffs' seventh cause of action for an intentional tort. *Id.* at 24.

On July 6, 2007, Plaintiffs filed a Motion for Reconsideration of the June 14 Order. On August 6, 2007, Plaintiffs filed the latest discovery Motion for Access to Evidence regarding the magazine ban. Two days later, on August 8, 2007, Judge Wilken referred all discovery motions to this Court.

Judge Wilken issued an Order Granting in Part and Denying in Part Plaintiffs' Motion for Reconsideration on September 20, 2007. The court reconsidered its previous order relating to Ashker's claims against the Board of Prison Hearings (BPH) and denied

1 Defendants' Motion to Dismiss them. (Order Granting in part and Den. in part Pls.' Mot.
2 for Recons. 8). Therefore, Plaintiffs were also permitted to move forward with the two
3 claims against the BPH: (1) violation of the Ex Post Facto clause of the Constitution and (2)
4 violation of their liberty interests in parole. *Id.* at 4.

5 On September 26, 2007, this Court denied the four pending discovery motions
6 without prejudice to their being re-filed. Plaintiffs were instructed to modify the scope of his
7 discovery requests in light of the district court's orders filed June 14, 2007 and September
8 20, 2007. Plaintiff resubmitted his Motion to Exchange Legal Material and Protective Order
9 and Motion for Access to Evidence on October 11, 2007.

**Plaintiffs' Motion for Access to Evidence (161)**

11 Plaintiff is requesting permission to view the following eight magazines: Easyrider,
12 Biker, Outlaw Biker, Tattoo, Savage Tattoo, Tattoo Flash, Heavy Metal, and Juxtapoz. (Ex.
13 A to Pls.' Notice of Mot. and Mot. Requesting Order for Defs.' to Permit Access to
14 Evidence, Decl. of Burton Whitcomb 1.) Plaintiffs seek access to these magazines so that
15 they can take notes for reference in preparing their case and their dispositive motions. *Id.*
16 at 2. Plaintiffs claim that they have not seen said magazines for over five years and that
17 not being able to view the magazines would prejudice their ability to prosecute their claim.
18 (Pl. Ashker's Decl. in Supp. of Reply Brief [RE: Mot. for Access to Evidence] 2-3.)

19 Defendants object to Plaintiffs' motion on two grounds: first, Defendants contend
20 that PBSP rules and regulations prohibiting inmates from possessing certain biker and
21 tattoo magazines are rational; second, Defendants argue that Plaintiffs have no need to
22 review the banned magazines to prepare any legal pleading and that they cite no legal
23 authority entitling them to relief. (Defs.' Mem. of P. & A. in Opp'n to Pls.' Mot. for Access
24 to Evidence 4-6.) In sum, Defendants argue that Plaintiffs do not need to examine the
25 magazines to prosecute this lawsuit, they will not be prejudiced by not being able to access
26 these magazines, and that Plaintiffs should not be allowed to use a civil suit to circumvent
27 the legitimate rules and regulations of PBSP. *Id.* at 7.

28

## Legal Analysis and Conclusion

In late May 2007 Plaintiff had copies of these eight magazines sent to him by a private party, with an accompanying declaration stating that the magazines were being sent "in support of plaintiffs' First Amendment claims concerning the magazine issues." (Ex. A to Pl. Todd Lewis Ashker's Decl. in Supp. of Mot. for Order Allowing Access to Evidence 1.) Plaintiff did not receive formal notice that the magazines had arrived at the prison until July 5, 2007 and did not receive the accompanying declaration until July 30, 2007. *Id.* at 2. Despite the declaration stating that the magazines were in support of his claim against the prison, Ashker was denied access to the magazines. The magazines were disapproved because they are currently banned under PBSP Operating Procedure No. 205 and the magazines were sent from a private party and thus could not be considered legal mail. *See id.*; *see also* (Ex. A to Pl.'s Notice of Mot. and Mot. Requesting Order for Def.'s to Permit Access to Evidence, Notice of Disapproval 1.)

Per CDCR policy inmates are not allowed to possess "sexually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format." Title 15, section 3006 of the California Code of Regulations. PBSP has come up with a list of publishers and publications that are "permanently excluded because their pervasive theme has been found to meet the exclusionary criteria established in the California Code of Regulations, Title 15, Section 3006, Contraband." (Ex. C to Decl. of William Barlow in Opp'n to Pls.' Mot. for Access to Evidence, PBSP Operating Procedure No. 205, Inmate Mail, Attachment 10.) Each of the eight magazines that Ashker sought to have delivered to him are listed as banned publications. *Id.*

Plaintiff's second cause of action challenges PBSP Operating Procedure No. 205, Inmate Mail and Defendants' ban on numerous magazines on First Amendment grounds. Plaintiff contends that the magazines at issue in this claim are the only kind that cover the "biker lifestyle," or are artistic in nature, and when taken as a whole are not obscene and cannot be banned as such. (Pls.' Reply Brief in Supp. of Mot. for Access to Evidence 1-2.) Defendants go to great lengths in their opposition to this motion to refute Plaintiffs' First

Amendment claim and show that the rule banning certain magazines serves a legitimate penological purpose. However, whether Plaintiffs' claim will ultimately be successful has no bearing on the issue at hand: whether Plaintiffs should be permitted access to evidence indispensable to building their claim.

"When prosecuting a lawsuit, a prisoner litigating pro se has the right to undertake the legal investigation and documentation of his claims in the manner that an attorney would, subject to the security and disciplinary requirements of the prison." *Valandingham v. Bodorquez*, 866 F.2d 1135, 1141 (9th Cir. 1989). Plaintiffs are challenging PBSP operating procedures on First Amendment grounds. Their claim has survived Defendants' Motion to Dismiss. Plaintiffs seek access to these eight magazines, in order to support their claim against Defendants. Defendants make no showing that allowing limited access to such magazines poses a serious threat to prison security. Therefore, the Court orders that Plaintiffs' request for limited access to the magazines is granted. Mr. Ashker may review them in a unit holding cell, or other place to be determined by the prison, with prison supervision, for a limited time, not exceeding two hours. He may take notes for purposes of developing his case. Compliance with the Court's order shall be due two weeks from the e-filing of this Order.

IT IS SO ORDERED.

DATED: January 14, 2008

_____
JAMES LARSON
Chief Magistrate Judge