1   J. RANDALL ANDRADA (SBN 70000)
    BRENDAN KENNY (SBN 237969)
2   **ANDRADA & ASSOCIATES**
    **PROFESSIONAL CORPORATION**
3   180 Grand Avenue, Suite 225
    Oakland, California  94612
4   Tel.:   (510) 287-4160
    Fax:    (510) 287-4161
5   E-mail:  bkenny@andradalaw.com

6   Attorneys for Defendants

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11  TODD ASHKER and DANNY TROXELL,          Case No.:  C 05-03286-CW (JL)

12          Plaintiffs,

13      v.                                  **DECLARATION OF BRENDAN KENNY
                                            IN SUPPORT OF DEFENDANTS'
14  ARNOLD SCHWARZENEGGER, R. Q.            MOTION FOR SUMMARY JUDGMENT
    HICKMAN, EDWARD ALAMEIDA, JR.,          OR, IN THE ALTERNATIVE,
15  JEANNE WOODFORD, JOE McGRATH,           SUMMARY ADJUDICATION
    CAROL DALY, RICHARD KIRKLAND,           PURSUANT TO FED. R. CIV. P. 56(c)
16  GRAY DAVIS, SUSAN FISHER, BRETT         AND CIV. L.R. 7-2**
    GRANLUND, SHARON LAWIN, GEORGE
17  LEHMAN, JONES M. MOORE, KENNETH L.
    RISEN, MR. ROOS, LARRY STARN,          Judge:      The Honorable Claudia Wilken
18  BOOKER T. WELCH, PETE WILSON,          Courtroom:  2
                                            Trial Date:
19          Defendants.

20

21          I, Brendan Kenny, declare as follows:

22          1.   I am an attorney at law duly licensed to practice law in the State of California, and I am an

23  associate at the law firm of Andrada & Associates, attorneys of record for defendants ARNOLD

24  SCHWARZENEGGER, R. O. HICKMAN, EDWARD ALAMEIDA, JR., JEANNE WOODFORD,

25  JOE McGRATH, CAROL DALY, RICHARD KIRKLAND, GRAY DAVIS, SUSAN FISHER,

26  BRETT GRANLUND, SHARON LAWIN, GEORGE LEHMAN, JONES M. MOORE, KENNETH L.

27  RISEN, MR. ROOS, LARRY STARN, BOOKER T. WELCH, and PETE WILSON in the above-

28  captioned action.  I have personal knowledge of the facts declared herein and, if called upon, I could

*(vertical left margin)* ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

{00054020.DOC/}DOC 0594                                    *Ashker et al. v. Schwarzenegger, et al*
DEC. OF B. KENNY IN SUPPORT OF MSJ/MSA                           C 05 3286 CW (JL)

1

1    testify completely thereto.  The matters set forth in the accompanying memorandum of points and

2    authorities are true and correct, and incorporated herein by reference as though fully set forth.

3        2.    Attached as Exhibit "A" are true and correct copies of the following documents stored in

4    the Central File ("C-File") of plaintiff Todd Ashker with the corresponding declaration from the

5    custodian of records: (1) a CDC 128-B form dated August 2, 2001; (2) CDC 1030 forms dated August

6    24, 2001; (3) a CDC 128-B form dated December 31, 2001; (4) CDC 1030 forms dated March 21, 2002;

7    (5) a CDC 128-B-2 form dated February 19, 2002; and (6) a CDC 12-B-2 form dated July 8, 2003.

8        3.    Attached as Exhibit "B" are true and correct copies of the following documents stored in

9    the C-File of plaintiff Danny Troxell with the corresponding declaration from the custodian of records:

10    (1) a CDC 128-B-2 form dated August 1, 1995; and (2) a CDC 128-B-2 form dated July 8, 2003.

11        4.    On or about March 13, 2006, I received from Deputy Attorney General Michael Jorgenson

12    (former attorney of records for the defendants in the above-captioned case) records requested from the

13    Victim Compensation and Government Claims Board ("VCGCB") containing the plaintiffs' claims

14    challenging their parole denial and access to prison programs.  Attached hereto as Exhibit "C" is a true

15    and correct copy of the documents requested from the VCGCB regarding Todd Ashker's claim with its

16    corresponding declaration from the custodian of records.  Attached hereto as Exhibit "D" is a true and

17    correct copy of the documents requested from the VCGCB regarding Danny Troxell's claim with the

18    corresponding declaration from the custodian of records.

19        I declare under penalty of perjury under the laws of the State of California and the United

20    States of America that the foregoing is true and correct and that this declaration was executed on

21    February 26, 2008, at Oakland, California.

22

23    _____
         BRENDAN KENNY

24

25

26

27

28

2

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

# EXHIBIT A

STATE OF CALIFORNIA— DEPARTMENT OF CORRECTIONS AND REHABILITATION            ARNOLD SCHWARZENEGGER, GOVERNOR

DIVISION OF ADULT OPERATIONS
PELICAN BAY STATE PRISON
5905 Lake Earl Drive
P. O. Box 7000
Crescent City, CA  95532-7000



## DECLARATION OF CUSTODIAN OF RECORDS

I, Donna Sackett, declare as follows:

I am a Correctional Case Records Manager employed by the California Department of

Corrections and Rehabilitation at Pelican Bay State Prison, Crescent City, CA.  In this

capacity, I am the duly authorized custodian of records maintained on inmates committed

to the custody of the California Department of Corrections and Rehabilitation and housed

at this institution.

A central file is maintained on each inmate housed in the California Department of

Corrections and Rehabilitation.  The file is maintained by the Records Office at each

institution housing the inmate, and transferred with the inmate to any other institution.

The documents and entries in documents pertaining to an inmate are prepared at or near

the time of their occurrence by persons with knowledge of the circumstances or events.

The documents attached hereto are true and correct copies of documents from the file of

Inmate  _Ashker_          , CDC# C58191, maintained in the regular course

of business by the Department of Corrections and Rehabilitation at this institution.

I declare under penalty of perjury that I am competent to testify as a witness and that the

foregoing is true and correct, based on my personal knowledge.  Except for those

statements based on information and belief and as to those statements I believe them to

be true, and that if called as a witness, I would so testify.

Executed on 2-20-08 , at Crescent City, California.

_(signature)_
DONNA SACKETT
Correctional Case Records Manager

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

---

NAME: ASHKER, Todd                    CDC #: C-58191                    CDC 128-B (REV. 4/74)

On Wednesday, August 1, 2001, an investigation was initiated in reference to Inmate Todd ASHKER, C-58191, AKA "Todd," per the California Code of Regulations, Section 3378 (d) (e), regarding his current gang status. ASHKER was validated on May 23, 1988, and re-validated on July 13, 1995, as a member of the Aryan Brotherhood (AB) prison gang. The last source item used in the validation indicating gang activity is March 22, 1988. The source items used to validate ASHKER are over six (6) years old. Therefore, per the California Code of Regulations, 3378 (d) (e), ASHKER meets criteria for review of the Inactive Status. An investigation into the following areas was conducted:

1.  **(Central File)** On August 1, 2001, Correctional Lieutenant G. Wise conducted a Central File review, into ASHKER's possible In-Active Gang status. During the review, new information was discovered documenting ASHKER's participating in gang activity. The following items were reviewed:

    - Confidential Memorandum dated June 29, 2001, authored by Correctional Sergeant M. Randolph of the Institutional Gang Investigations Unit at PBSP. In the memorandum, an inmate proven reliable, relates that ASHKER and other AB members/ associates were trying to set up to be killed a white inmate who was in disfavor with the gang. This was in February 2000.
    - Confidential Memorandum dated June 18, 2001, authored by Correctional Officer T. Drew of the Institutional Gang Investigations Unit at the California Correctional Institution (CCI). In the memorandum he documents reviewing out going mail which relates ASHKER is still in authority in the gang and to forward gang info to him.
    - Confidential Memorandum dated February 23, 2001, authored by Correctional Lieutenant G. Wise of the Institutional Gang Investigations Unit at Pelican Bay State Prison (PBSP). In the memorandum he documents searching property belonging to ASHKER and finding several items of personal property that are gang related and/ or indicates he is still associating with the gang.
    - Confidential Memorandum dated February 22, 2001, authored by Correctional Officer T. Puget of the Security Squad at PBSP. In the memorandum, an inmate proven reliable, relates that ASHKER had sent several coded messages to the mainline to tell the non-validated AB associates running the yard for the AB, to continue to kill Black Inmates. The source also states that ASHKER and other AB members in the Security Housing Unit (SHU) were referred to regularly as leaders in the war with the Blacks. This was in May 2000.

Based on the above information and documentation, it appears that ASHKER is still continuing to affiliate and/or associate with the Aryan Brotherhood (AB) prison gang. The most recent item of documentation indicating ASHKER continues gang activity was a Confidential Memorandum dated June 18, 2001, which was within the past six (6) years and; therefore, he does not qualify at this time for referral to the Department Review Board (DRB) for their review.

Pursuant to the California Code of Regulations, Section 3378 (d) (e), this investigator recommends that the gang status of Inmate Todd ASHKER, C-58191, as a validated member of the Aryan Brotherhood (AB) prison gang remain unchanged. At ASHKER's request, he will be eligible for Inactive Gang status review on June 18, 2007. This date is based on the date of the latest gang activity, which is contained in Confidential Memorandum dated June 18, 2001.

G. H. WISE
CORRECTIONAL LIEUTENANT
INSTITUTION GANG INVESTIGATOR
INACTIVE GANG STATUS REVIEW
PELICAN BAY STATE PRISON

Distribution:

Central File ✓
Special Services Unit
Inmate/Parolee
Gang Unit Copy

DATE: August 2, 2001                    ACTIVE/INACTIVE GANG STATUS REVIEW                    CDC 128B

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 58191_          INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                    STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

   _____

3) Disclosure of information received.

   The information received indicated the following: _New information was_
   _discovered documenting your_
   _participation in gang activity. You are_
   _identified as an AB member trying to set_
   _up the murder of another inmate._

   _____
                      (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _CM dated 6/29/01. authored by_
   _Sgt M. Randolph, located in the Conf. file._

   _B. Rose    CCI                                    8/24/01_
   STAFF SIGNATURE, TITLE                           DATE DISCLOSED

   DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use          87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 58191_     INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☒ Other (EXPLAIN) _mail_

3) Disclosure of information received.

   The information received indicated the following: _Out going mail_
   _which identifies Ashker as still_
   _in authority in the prison gang._

   _____

   _____

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation. (for example: CDC-128-B of 5-15-86 in the confidential material folder). _CM dated June 18, 01 authored by_
   _C/O T Drew  located in the Conf. file_

   _Brax CC1_                                       _8/24/01_
   STAFF SIGNATURE, TITLE                            DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA                                   DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C58191_          INMATE NAME: _Ashker_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☒ Other (EXPLAIN) _Searching of Ashkers Property_

3) Disclosure of information received.

   The information received indicated the following: _documents, searching of property belonging to Ashker and finding personal property that relates to gang activity_

   _____

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _CM dated 2/23/01 Authored by Lt. G. Wise, located in Conf. File_

   _B Rose CCI_                                        _8/24/01_
   STAFF SIGNATURE, TITLE                              DATE DISCLOSED

   DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

   .87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C58191_          INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: _You have been identified as sending coded messages to G.P. telling non validated AB associates to continue to kill Black inmates._

   _____
   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _CM dated 2/22/01 authored by C/o T Puget, located in the Conf. file_

   _Brose  CCI_                          _8/24/0?_
   STAFF SIGNATURE, TITLE                 DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

NAME: ASHKER, Todd                    CDC #C-58191                    CDC 128-B (REV. 4/74)

On Friday, December 28, 2001, an investigation was initiated in reference to inmate **Todd ASHKER, C-58191,** to update his current gang status. **ASHKER** was originally validated on May 23, 1988, and re-validated on July 13, 1995, as a member of the Aryan Brotherhood (AB) prison gang. The source items used in the validation were examined to ensure they comply with the Department Operations Manual (DOM), Section 61020.7 and requirements established in the California Code of Regulations (CCR) regarding prison gang validation.

**ASHKER's** Central File was examined and the source items used to validate him as a member of the AB were found to comply with California Department of Corrections (CDC) requirements.

The Central File of **ASHKER** also revealed the following documents that contained recent activity with the AB prison gang:

 Confidential Memorandum dated August 22, 2001, authored by Correctional Officer W. Shaw of the Institutional Gang Investigations Unit (IGI) at the California Substance Abuse & Treatment Facility (State Prison CSATF/SP). In the memorandum, an inmate who has met the department's criteria of reliability, identified **ASHKER** ordering AB authorized "hits" (assaults) of other inmates around July of 1999.

 Confidential Memorandum dated July 30, 2001, authored by Correctional Sergeant J. Akin of IGI at Pelican Bay State Prison (PBSP). In the memorandum, an inmate who has met the criteria of reliability as described as Title 15, identifies **ASHKER** as ordering other inmates in October 2000, to conduct AB ordered "hits" of other inmates. The source also states that **ASKHER** was recruiting for the AB gang as well.

 Confidential Memorandum dated July 16, 2001, authored by Correctional Officer T. Drew of IGI at the California Correctional Institution (CCI). In the memorandum, an inmate who has met the criteria of reliability as described in Title 15, identifies **ASHKER** as an active AB member and holding a leadership capacity in the organization.

 Confidential Memorandum dated June 19, 2001, authored by Correctional Officer E. Young at PBSP. In the memorandum, he documents **ASHKER** and other AB members/associates discussing gang related business over the tier on April 19, 2001.

 Confidential Memorandum dated June 18, 2001, authored by Correctional Officer T. Drew of IGI at CCI. In the memorandum, he documents reviewing two (2) outgoing correspondences from an AB member in which AB gang business is discussed and the member references that **ASHKER** is to be informed of this gang business. The letters were dated in June 2001.

 Confidential Memorandum dated June 29, 2001, authored by Correctional Sergeant M. Randolph of IGI at the PBSP. In the memorandum, an inmate who has met the criteria of reliability as described in Title 15, identifies **ASHKER** and other AB members/associates orchestrating gang related meetings while in an outside court. This was being done by subpoenaing AB members/associates as witnesses in a fellow AB member's/associate's trial. This was in February 2000.

The above documentation is being forwarded to the Law Enforcement & Investigations Unit (LEIU) to update **ASHKER's** gang status with the Aryan Brotherhood prison gang. The items reviewed comply with the Department Operations Manual (DOM), Section 61020.7 and requirements established in the CCR regarding gang activity.

On December 28, 2001, **ASHKER** refused to be escorted to the Institutional Gang Investigations Unit for interview and participation in taking of photographs. A copy of this CDC 128B was sent to **ASHKER** in the institutional mail. At **ASHKER's** request, he will be eligible for an Inactive Gang Status review in June 2007. This date is based upon information contained in the above reports.

Distribution:

Central File: ✓
Law Enforcement & Investigations Unit:
Inmate/Parolee:
Gang Unit Copy:

G. H. WISE
CORRECTIONAL LIEUTENANT
INSTITUTION GANG INVESTIGATOR
PELICAN BAY STATE PRISON

DATE: December 31, 2001                    GANG VALIDATION UPDATE                    CDC 128B

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C58191_    INMATE NAME: _Ashker, T_

1)  Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)  CDC-115, Disciplinary Report dated _____ submitted by _____

STAFF NAME, TITLE

b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a)  ☑ This source has previously provided confidential information which has proven to be true.

b)  ☐ This source participated in and successfully completed a Polygraph examination.

c)  ☐ More than one source independently provided the same information.

d)  ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e)  ☐ Part of the information provided by the source(s) has already proven to be true.

f)  ☐ Other (EXPLAIN) _____

3)  Disclosure of information received.

The information received indicated the following: _Identifies Ashker as an active AB member and holding a leadership capacity in the organization._

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Conf. Memo dated July 16, 01 Authored by C/O T Drew located in Conf. material folder_

_Brose_                _CCI_                _3/21/02_

STAFF SIGNATURE, TITLE                                    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 58191_          INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by
      _____
                                    STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: _Identified Ashker_
   _ordering AB authorized "hits" (assaults)_
   _of other inmates around July of 1999._
   _____
   _____

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _Conf Memo dated 8/22/01 authored by_
   _C/O Shaw located in conf. material folder_
   _BRose CCT_                              _3/21/02_
            STAFF SIGNATURE, TITLE                      DATE DISCLOSED

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C-58191          INMATE NAME: Ashker, T

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____
   _____

3) Disclosure of information received.

   The information received indicated the following: Identifies Ashker as
   ordering other inmates in Oct 2000,
   to conduct AB ordered hits on other
   inmates. Ashker was recruiting for the
   AB gang as well.

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation. (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). Conf. Memo dated 7/30/01 authored by Sgt
   J Akin located in Conf. material folder

   B Rose CCI                                              3/21/01
   STAFF SIGNATURE, TITLE                                  DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C58191_   INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (EXPLAIN) _Self incrimination;_

_____

3) Disclosure of information received.

The information received indicated the following: _Ashker and other AB_
_members/associates discussing gang_
_related; material business under the_
_tier on April 19, 01_

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Conf. Memo dated June 19, 01 authored_
_by A.E. Young, located in the conf. material_
_B Roxocc?_                                    _3/21/02_
STAFF SIGNATURE, TITLE                         DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C58191_          INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☒ Other (EXPLAIN) _Outgoing Mail_

3) Disclosure of information received.

   The information received indicated the following: _____

   _AB member correspondences in which_
   _AB gang business is discussed and_
   _the member references that Ashker is to_
   _be informed of this gang business._
   _Letter dated June 2001._

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _Conf. Memo dated 6/28/01 authored by_
   _Sgt. M. Randolph located in Conf. folder_
   _B. Rose   CCI_                                    _3/24/03_
   STAFF SIGNATURE, TITLE                              DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C58191_     INMATE NAME: _Ashker, T_

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☒ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

3) Disclosure of information received.

The information received indicated the following: _Identifies Ashker and_
_other AB members/associates orchestrating_
_gang related meetings while in an outside_
_court. This was 2 2000_ NOTES: FOR CLARIFICATION-ASHKER
WAS NOT OUT TO COURT AT THE TIME OTHER AB MEMBERS/ASSOCIATES
WERE ORCHESTRATING GANG MEETING. THEY WERE ATTEMPTING TO GET AB MEMBERS/
(If additional space needed, attach another sheet.) ASSOCIATE PULLED TO COURT.
4/2/02 Mrs WILDIGI

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _Conf. Memo dated 6/29/01 authored by Sgt M._
_Randolph located in Conf. folder file._
_R. Case CCI_      _3/21/02_
STAFF SIGNATURE, TITLE      DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use    87 82069

C_____ 4/2/02 Mrs Wildt

*PBSP*

STATE OF CALIFORNIA
CDC 128-B-2 (5/95)

DEPARTMENT OF CORRECTIONS

INMATE'S NAME: ASHKER, TODD

CDC NUMBER: C58191

On 05/23/88 a gang validation package regarding subject was received from Institution Gang Investigator ROSARIO at CSP-SAC. ADDITIONAL DOCUMENTATION WAS RECEIVED AT A LATER DATE.

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (18)**

The following items meet the validation requirements: CONF MEMOS DATED 04/18/86, 08/06/87, 11/03/87, 12/02/87, 01/25/88, 02/08/88, 03/11/88, 03/22/88, 06/29/01, 06/18/01, 06/19/01, 07/16/01, 07/30/01, AND 08/22/01.

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (14)**

The following items do not meet the validation requirements and were/shall not be used as a basis for validation: CONF MEMOS DATED 06/30/87, 09/17/87, 12/18/87, CDC 128B DATED 03/21/88.

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (4)**

Date: 02/19/02

**GANG VALIDATION/REJECTION REVIEW**
**(CONTINUED ON REVERSE)**
**LEIU/SSU**

GENERAL CHRONO

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, TODD ASHKER is:

☒ **VALIDATED**        ☐ **REJECTED**

as a member of the **ARYAN BROTHERHOOD** prison gang.

REVIEWER'S SIGNATURE
JUDY OLSON                    *J Olson*                    DATE: 02/19/02

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

*'02 FEB 22 AM 8 58 RECEIVED SSU ADMINISTRATIVE*

STATE OF CALIFORNIA          REVIEW          DEPARTMENT OF CORRECTIONS
CDC 128-B-2 (5/95)

INMATE'S NAME: ASHKER, TODD          CDC NUMBER: C-58191

On 05/23/88 a gang validation package regarding subject was received from Institution Gang Investigator Lt. ROSARIO at CSP-SAC.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU FROM GANG INVESTIGATOR Lt. WISE AT PBSP. (UPDATED ITEMS LISTED IN ITALICS).*

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (20)**
The following items meet the validation requirements: CONF MEMO dated 04/18/86 (informant), CONF MEMO dated 08/06/87 (informant), CONF MEMO dated 11/03/87 (debrief), CONF MEMO dated 12/02/87 (informant), CONF MEMO dated 01/25/88(debrief), CONF MEMO dated 02/08/88 ((debrief), CONF MEMO dated 03/11/88(debrief), CONF MEMO dated 03/22/88 (debrief), *CONF MEMO dated 06/29/01 (debrief), CONF MEMO dated 06/18/01 (correspondence), CONF MEMO dated 06/19/01 (staff info), CONF MEMO dated 07/16/01 (debrief), CONF MEMO dated 07/30/01 (informant), CONF MEMO dated 08/22/01 (informant), CONF MEMO dated 02/23/01(informant), and CONF MEMO dated 02/22/01 (staff info-association).*

**THIS VALIDATION WAS RE-EVALUATED AS PART OF THE LEIU/SSU REVIEW.**

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (16)**

The following items **do not** meet the validation requirements and were/shall not be used as a basis for validation: CONF MEMO dated 06/30/87 (same source/info as CM dated 08/06/87), CONF MEMO dated 09/17/87, CONF MEMO dated 12/18/87, and CDC-128B dated 03/21/88.
**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (4)**

**ACTION OF REVIEWERS**

Pursuant to the validation requirements established in 15 CCR Section 3378, TODD ASHKER is retained:

X VALIDATED ☐ REJECTED

as a member of the ARYAN BROTHERHOOD (AB) prison gang.

SIGNATURE CHAIRPERSON     SIGNATURE MEMBER     SIGNATURE MEMBER

JAMES MORENO     Michael Ruff     Reuben Roman
Printed Name     Printed Name     Printed Name

DATE: 7-8-03

GANG VALIDATION/REJECTION REVIEW
GENERAL CHRONO
LEIU/SSU

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

# EXHIBIT B

STATE OF CALIFORNIA— DEPARTMENT OF CORRECTIONS AND REHABILITATION                                   ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
PELICAN BAY STATE PRISON

5905 Lake Earl Drive
P. O. Box 7000
Crescent City, CA  95532-7000



## DECLARATION OF CUSTODIAN OF RECORDS

I, Donna Sackett, declare as follows:

I am a **Correctional Case Records Manager** employed by the California Department of
Corrections and Rehabilitation at Pelican Bay State Prison, Crescent City, CA.  In this
capacity, I am the duly authorized custodian of records maintained on inmates committed
to the custody of the California Department of Corrections and Rehabilitation and housed
at this institution.

A central file is maintained on each inmate housed in the California Department of
Corrections and Rehabilitation.  The file is maintained by the Records Office at each
institution housing the inmate, and transferred with the inmate to any other institution.
The documents and entries in documents pertaining to an inmate are prepared at or near
the time of their occurrence by persons with knowledge of the circumstances or events.
The documents attached hereto are true and correct copies of documents from the file of

Inmate ___Troxell___   , CDC# B76578 maintained in the regular course
of business by the Department of Corrections and Rehabilitation at this institution.

I declare under penalty of perjury that I am competent to testify as a witness and that the
foregoing is true and correct, based on my personal knowledge.  Except for those
statements based on information and belief and as to those statements I believe them to
be true, and that if called as a witness, I would so testify.

Executed on ___2/608/08___ at Crescent City, California

_____
DONNA SACKETT
Correctional Case Records Manager

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CDC 128-B-2 (5/95)

| INMATE'S NAME: Troxell, Danny | CDC NUMBER: B-76578 |
|---|---|

On 05/25/89 a gang validation package regarding subject was received from Institution Gang Investigator C. Ford at CCI.

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (5)**

The following items meet the validation requirements: CM 01/09/89; CM 08/10/88; CM 08/05/88; CM 07/26/88; CM 05/02/88.

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (5)**

The following items do not meet the validation requirements and were/shall not be used as a basis for validation: none.

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

— 1030 noted

Date: 08/01/95
                              GANG VALIDATION/REJECTION REVIEW
                                    (CONTINUED ON REVERSE)                    GENERAL CHRONO

---

ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, Danny Troxell is:

☒ **VALIDATED**          ☐ **REJECTED**

as a member of the Aryan Brotherhood prison gang.

REVIEWER'S SIGNATURE _J. Olson_                          DATE: 08/01/95

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

STATE OF CALIFORNIA          SHU REVIEW/ INACTIVE REVIEW          DEPARTMENT OF CORRECTIONS
CDC 128-B-2 (5/95)

---

**INMATE'S NAME: TROXELL, DANNY**          **CDC NUMBER: B-76578**

---

On 05/25/89 a gang validation package regarding subject was received from Institution Gang Investigator C. FORD at CCI.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU IN JUNE, 2001, FROM GANG INVESTIGATOR LT. G. WISE AT PBSP. (UPDATED ITEMS LISTED IN ITALICS).*

                 **TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (7)**
The following items meet the validation requirements: CONF MEMO dated 05/02/88, CONF MEMO dated 07/26/88, CONF MEMO dated 08/05/88, CONF MEMO dated 08/10/88, CONF MEMO dated 01/09/89, *CONF MEMO dated 09/20/99, and CONF MEMO dated 08/03/00.*

**THIS VALIDATION WAS RE-EVALUATED AS PART OF THE LEIU/SSU REVIEW.**

               **TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (7)**

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation: none.
            **TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

---

**ACTION OF REVIEWERS**

Pursuant to the validation requirements established in 15 CCR Section 3378, DANNY TROXELL is:

            **X   VALIDATED**     ☐   **REJECTED**

as a member of the **ARYAN BROTHERHOOD** prison gang.

SIGNATURE                    SIGNATURE                    SIGNATURE
CHAIRPERSON               MEMBER                       MEMBER

James Moesuo            Michael Ruff           Reuben Roman
Printed Name              Printed Name              Printed Name

DATE: 7-8-03             GANG VALIDATION/REJECTION REVIEW    Subject is eligible for an
                                   GENERAL CHRONO       Inactive review 8-2006
                                         LEIU/SSU        Based upon 8-3- dated 8-3-2000
                                                       Conf. Memo

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

# EXHIBIT C

## **CERTIFICATION**

I hereby certify that the attached documents are true and correct copies of the documents constituting the record of the claim of:

TODD ASHKER; C58191

Claim Number  G 548694

Date of Incident:

February 23, 2004

The record includes the claim, any amendments to the claim, all notices or correspondences to and from claimant.

Attest my hand and seal of the Victim Compensation and Government Claims Board of the State of California this day.

Executed at Sacramento, California, January 18, 2006

LYNETTE RAULIEN
PROGRAM ANALYST

JAN/10/2006/TUE 03:10 PM                                                                P. 002



**BILL LOCKYER**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
Public: (916) 455-9555
Facsimile: (916) 322-8288
(916) 324-5397
E-Mail:Darlene.Macias@doj.ca.gov

Victim Compensation and
Government Claims Board

JAN 1 2 2006

RECEIVED                    January 10, 2006

Victim Compensation and Government Claims Board      **VIA FACSIMILE**
Government Claims Branch                              (916) 322-8288
660 J Street, Suite 300
Sacramento, CA 95814

RE:    **REQUEST FOR CLAIM SEARCH**

1. Search for a claim and or late claim application filed by:

   *CLAIMANT:*  To___ shker, Danny Troxell v. Arnold Schwarzenegger, et al.
                **U.S.D.C., Northern District of California, No. C-04-1967 CRB**

   *CLAIM NUMBER:  Unknown*    *548694*

   *DATE OF INCIDENT: Todd Ashker - January 1, 1998 - to present*     *2-23-04*
                     *Danny Troxell - January 1, 1995 - to present*

2. After search is complete, please:

   *Provide a certified copy of the claim(s).*

3. Please place the documents in the A.G. mail basket located at the Board (*AG courier
   will pick up*)

4. Requested by:    **Joan Chiccarella**
                    **OFFICE OF THE ATTORNEY GENERAL**
                    **455 Golden Gate Avenue, Suite 11000**
                    **San Francisco, CA  94102**       (415)  703-5774

                              Sincerely,


                              Joan Chiccarella
                              Associate Governmental Program Analyst

                    For    BILL LOCKYER
                           Attorney General





STATE OF CALIFORNIA                                                                                ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
Sacramento, California 95812-3035
Toll Free Number: 1-800-955-0045
Fax Number: (916) 323-5766
Internet: www.boc.cahwnet.gov

KAREN McGAGIN
 Executive Officer

FRED AGUIAR
Secretary
State and Consumer Services Agency
Chairperson

STEVE WESTLY
State Controller
State Controller's Office
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

Todd Ashker C58191
P O Box 7500
Crescent City, CA  95532

November 4, 2004

RE:    Claim G548694 for Todd Ashker, C58191

Dear Todd Ashker,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
October 29, 2004.

If you have questions about this matter, please mention letter reference 123 and claim number G548694 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Christina M. Aceituno, Program Manager
Government Claims Branch
Victim Compensation and Government Claims Board

cc:  B-23 Corrections, Attn: Kirsten Cantrell
     GCB Staff


Warning
Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim.   See Government Code Section 945.6.  You may seek
the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you
should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER
SERVICE OF SUMMONS AND COMPLAINT.


Ltr 123 Claim Rejection





STATE OF CALIFORNIA                                                          ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
Sacramento, California 95812-3035
Toll Free Number: 1-800-955-0045
Fax Number: (916) 323-5768
Internet: www.boc.cahwnet.gov

KAREN McGAGIN
Executive Officer

FRED AGUIAR
Secretary
State and Consumer Services Agency
Chairperson

STEVE WESTLY
State Controller
State Controller's Office
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

Todd Ashker C58191
P O Box 7500
Crescent City, CA 95532

October 18, 2004

RE:  Claim G548694 for Todd Ashker, C58191
     Tort claim for CDC Inmates, General/Punitive Damages

Dear Todd Ashker,

You were previously notified that your claim was scheduled to be acted upon by the Board
at the October 22, 2004 hearing.

Your claim has now been set for action at the October 29, 2004 Board hearing in Sacramento.

You are not scheduled for an appearance at the hearing and do not need to appear.  The Board
will act on the recommendation previously supplied by staff.

You will be notified of the Board's decision, in writing, within approximately 3 weeks after
the hearing.

Sincerely,

Government Claims Branch
Victim Compensation and Government Claims Board

cc:  B-23 Corrections, Attn: Kirsten Cantrell
     GCB Staff

Ltr 6 Hearing Dt Chg



STATE OF CALIFORNIA

ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
Sacramento, California 95812-3035
Toll Free Number: 1-800-955-0045
Fax Number: (916) 323-5768
Internet: www.boc.cahwnet.gov/

KAREN McGAGIN
Executive Officer

FRED AGUIAR
Secretary
State and Consumer Services Agency
Chairperson

STEVE WESTLY
State Controller
State Controller's Office
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member



Todd Ashker C58191
P O Box 7500
Crescent City, CA  95532

September 01, 2004

RE:  Claim G548694 for Todd Ashker, C58191
    Tort claim for CDC Inmates, General/Punitive Damages

Dear Todd Ashker,

The Victim Compensation and Government Claims Board (Board) received your claim on August 05, 2004.

Based on its review of your claim, Board staff is recommending to the Board that the claim be rejected as the Department of Corrections has rejected the claim at its third level of review.

The Board will act on your claim at the October 22, 2004 hearing. We will notify you by mail of the Board's action on your claim shortly after the hearing.

If you have questions about this matter, please mention letter reference 44 and claim number G548694 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Branch
Victim Compensation and Government Claims Board

cc: B-23 Corrections, Attn: Kirsten Cantrell
    GCB Staff

Ltr 44 Third Level Review

State of California
Board of Control

# GOVERNMENT CLAIM

SBOC-GC-0002 (Rev. 6/00)

**Please read "Instructions for Filing a Claim"**

If you are filing this claim beyond six months from the incident date, please see instructions for filing a late claim application on the opposite page.

G _____ 548694

## Section 1: Claimant Information

Name of Claimant

Todd Ashker, C#58191

Telephone Number (include area code)
( )

Mailing Address

P.O. Box #7500/C8-102

City
Crescent City, Cal.

State

Zip Code
95532

## Section 2: Claim Information

Is the claim filed on behalf of a minor? ☐Yes ☒No   If yes, please indicate: Relationship to the minor _____   Date of birth of the minor _____

CAL. DEPT. OF CORRECTIONS & STATE PAROLE BOARD

Name of State Agency against which this claim is filed

Gov. Schwartzenegger & Secretary R. Hickman, et al.

Incident Date (12+) YEARS & COUNTING
Month / Day / Yr.

Dollar Amount of Claim

TEN MILLION DOLLARS

If the amount exceeds $10,000, indicate type of civil case:

☐ Limited Civil Case   ☒ Non-Limited Civil Case

Explain how the dollar amount claimed was computed. (Attach three copies of the supporting documentation for the amount claimed with this form.) (12) YRS. & COUNTING, OF (CDC's)

Describe the specific damage or injury incurred as a result of the incident.

Subjection to PBSP-Security Housing Unit on-going & Progressively Punitive Conditions for over (12) yrs (to-date) Because (CDC) has falsely labeled me an active gang member, & I refuse to become a (CDC) informant. (CDC) staff have thus denied me opportunity & access to various Rehab. Type programs that are required for meaningful consideration of parole. Both (CDC) & (BPT) agencies have subjected me to their blanket "No Parole Policy" due to my (SHU) status, stating that until I agree to become their informant, I have no Rehab. programming & will stay in (SHU) until I die.

Failure to comply with state regulations/law re: Rehab. programs resulting in a "No-Parole" policy (of CDC & BPT), etc. — Misuse & abuse of gang-labeling, too.

Location of the incident (if applicable, include street address, city or county, highway number, post mile number and direction of travel.) SEE ABOVE

Pelican Bay State Prison
5905 Lake Earl Dr.
Crescent City, Cal. 95531

Preferred Hearing Location (if an appearance is necessary):
☐ Sacramento   ☒ Los Angeles
☐ Oakland   ☐ San Diego

Explain the circumstances that led to the alleged damage or injury. State all facts that support your claim against the State of California, and why you believe the State is responsible for the alleged damage, or injury. If known, provide the name(s) of the State employee(s) who allegedly caused the injury, damage or loss. (If more space is needed, please attach additional sheets.)

SEE ATTACHED (CDC-602) APPEAL (BEGAN ON 2-23-04, SECTION "A" TO "H" w/ RESPONSES. THE STATE EMPLOYEE RESPONSIBLE ARE GOV. SCHWARTZENEGGER; SECRETARY OF ADULT CORRECTIONS & PAROLE R.A. HICKMAN; FORMER (CDC) DIRECTORS GOMEZ, TERHUNE & ALAMEIDA; CURRENT DIRECTOR WOODFORD; PBSP WARDEN McGRATH; ACTING WARDEN DILLARD; ASSOC. WARDEN CASTELLAW, ~~EDITOR~~ CORR. COUNSELOR II HAWKES. EACH OF WHOM IS RESPONSIBLE FOR PROVIDING REHAB PROGRAMS TO ALL PRISONERS IN (CDC)/(SHU) PER (CRTITLE 15 & RULES & REGULATIONS), & EACH HAS KEPT ME IN (SHU) BASED ON FALSE PREMISES & WORKED (AND) IN HAND WITH (BPT-MEMBERS) DALY, LAWIN, LEHMAN, RISEN, MOORE, & ROOS, TO SUBJECT ME TO A BLANKET "NO-PAROLE POLICY" FOR ALL (SHU) PRISONERS, & BASICALLY, THEY'VE TOLD ME THAT UNLESS, & UNTIL I AGREE TO BECOME A "SUCCESSFUL" CDC INFORMANT I WILL NEVER BE GIVEN USEFUL REHAB. OPPORTUNITIES & CAN EXPECT TO STAY IN (SHU). (SEE ALSO: ATTACHED BPT APPEAL (COPY) UNTIL I DIE. (*BY FALSE PREMISES, I MEAN CONTRARY TO (CDC) RULES & REGULATIONS IN TITLE 15.)

... of California
...oard of Control

# GOVERNMENT CLAIM

...OC-GC-0002   (Rev.   6/00)   *Reverse*

Submit completed claim form and three copies to:

STATE BOARD OF CONTROL
GOVERNMENT CLAIMS BRANCH
P.O. Box 3035
Sacramento, CA 95812-3035

## Section 3: Insurance Information

Is the claim for the alleged damage/injury been filed
   will it be filed with your insurance carrier?

☐ Yes          ☐ No

...iling Address          N/A

...me of insurance carrier   N/A

Policy Number

City          N/A          State          Zip Code

Amount of Deductible
$

...e you the registered owner?
Yes          ☐ No

Telephone number (include area code)
(   )

Make:_____   Model:_____   Year:_____

## Section 4: FOR STATE AGENCY USE ONLY

...me of State agency

...me of agency budget officer or representative

...ature of agency budget officer or representative

Budget Act Appropriation or Item Number and the appropriate
Schedule if applicable

Name of fund or account

Title          CALNET Number

Date

## Section 5: Representative Information

...me of Attorney/Representative          N/A

...iling Address          N/A

Telephone Number (include area code)
(   )          N/A

City          W/A          State          Zip

...n 72 of the Penal Code provides that "every person who, with intent to defraud, presents for allowance or for payment to any State Board or Officer, or to any
..., town, city, district, ward, or village, board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing,
...y of a felony."

*T. Ashken*

...ature of Claimant

N/A

*8-1-04*

Date

N/A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JUL 2 2 2004

In re:    Ashker, C-58191
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.: 0311730        Local Log No.: PBSP 04-00566

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner R. Floto.  All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that the institution has improperly denied recreational, vocational and educational programs while in Security Housing Unit (SHU) placement.  The appellant contends that he is a SHU life term inmate and that he is denied the ability to participate in programs that are required by the Board of Prison Terms (BPT).  He requests to be provided access to programs required by the BPT.

II    SECOND LEVEL'S ARGUMENT:  The reviewer found that the appellant is being provided appropriate access to programs for an inmate housed in SHU.  The appellant is in SHU placement based upon his behavior and actions.  Due to the dangerous nature of inmates housed in SHU, programs that the appellant has requested must be limited based upon safety and security concerns.  The programs required by the BPT are for rehabilitation.  The appellant is a management problem and his placement SHU demonstrates that he has not made an attempt to be rehabilitated.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

     A.  FINDINGS:  The Second Level response is appropriate and the decision is based upon a reasonable penological interest.  It represents CDC's position.  The Second Level of Review response is comprehensive.  The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution.  The appellant has been provided access to all programs afforded to SHU inmates at the institution.  His request to be provided access to programs required by the BPT cannot be granted.

     B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3044, 3343

     C.  ORDER:  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

ATF OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.                Category

1. __PBSP__          __CO4-00566__          11) Education
                                                        self help
2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Todd Ashker | C#58191 | PBSP (SHU) Indeterminate | C8-101 |

A. Describe Problem: This is an appeal on behalf of Ashker & Troxell, B-76578 (per CCR Title 15 § 3084.2(f).) Appellants have been on indeterminate (SHU) Status for the last 12 to 18 yrs (solely for Administrative Reasons). Both are serving sentences of "Life" with the possibility of parole. As you know, the Board of Prison Terms requires prisoners participation in rehabilitative type programs in order to receive meaningful consideration at parole hearings. For the past (18) yrs (CDC) staff have not provided such program opportunities to those →
                                                                      SEE ATTACHED PAGE →

If you need more space, attach one additional sheet.

B. Action Requested: Opportunities and access to programs. Services and activities as described in the attached page.

Inmate/Parolee Signature: T. Ashker                          Date Submitted: 2-23-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____ _BYPASS_

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____ _BYPASS_

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

5 NO#BP          MAR 0 5 2004          APR 1 2 2004

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 3-10-04   Due Date: 4-16-04

Interviewed by: _See Attached_
CPT Cox

Staff Signature: _____   Title: CAPT   Date Completed: 4/9/84
Division Head Approved:
Signature: _____   Title: CAA 1   Returned
Date to Inmate: 4-9-04

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

WE ARE DISSATISFIED WITH 1ST LEVEL RESPONSE. THE TITLE 15 SO CLEAR BY 1ST LEVEL THAT NOTHING TO AN WRITS ISSUE AT ALL. NOTEARLY 1ST LEVEL TOTALLY IGNORES THE TITLE 15 SECTIONS THAT WERE REFERENCED WITHIN IN. ATTEMPT THE WARDEN TO PROVIDE US WITH THE OPPORTUNITY(S) OF PROGRAMS DESCRIBED IN OUR ATTACHED PAGE AND 1ST LEVEL IGNORES OUR SPECIFIC POINTS STATING EXACTLY HOW WE CAN BE PROVIDED SAID PROG.
SEE ATTACHED PAGE

Signature: J. Ashker   Date Submitted: 4-11-04

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-20-04   Due Date: 5-7-04
☒ See Attached Letter

Signature: Julian Cox   Date Completed: 4-22-04
Warden/Superintendent Signature: _____   Date Returned to Inmate: APR 27 20

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

We're dissatisfied! Again respondents ignore the referenced title 15 sections which mans that the warden provide us with opportunity(s) at various programs & they ignore our spec points as exactly how such programs can be provided without any security threats. The correspondence courses refused to are EXPENSIVE & wont deal with self-help etc! Respondent claim we're gang members & terrorists (without proof of any illegal activity) & state a blatant Hitler position that inmeas us beyond CDC internment & they to persecute & others will stay in ( without programs & chall never get a parole date, (CDC) are the terrorists!
SEE ATTACHED PAGE
Signature: J. Ashker & D. Johnson   Date Submitted: 4-29-04

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☒ See Attached Letter
   Date: _____   JUL 2 2 2004

CDC 602 (12/87)

1. (602) ATTACHED PAGE RE: SECTIONS A & B.
LOG # PBSP-C04-00566

prisoners on indeterminate (SHU) STATUS (SUCH AS but not limited TO - EDUCATION, VOCATION AND SELF-HELP COURSES); which in TURN has been CAUSE for the BOARD TO USE (SHU) prisoners' LACK of Programing" To JUSTIFY Their Denial(s) of parole And setting out next hearing dates off for (4 or 5) yrs. in the future. (CDC) HAS THUS CONTRIBUTED, AT LEAST in PART, TO THE BOARD'S blanket No- parole policy' for (SHU) Prisoners, which is A VIOLATION OF THE EX POST FACTO CLAUSE of the 14TH Amendment TO THE U.S. CONST.

Denying us the opportunity TO PARTICIPATE in programs required by The board has CAUSED, And CONTINUES TO CAUSE us harm, by way of making iT impossible for US TO meet The boards' CRITERIA(s) for A parole date (iT is our due process right To EXPECT release on parole Per. McQuillion v. Duncan, 306 F3d 895 (9TH Cir 2002 AT pgs 901-902); (CDC) & (PBSP) Administrative STAFF Are Also in Direct VIOLATION of the provisions in CCR TITLE 15 Article 3. Work & education § 3040(c) "A Classification committee SHALL Assign each inmate TO An Appropriate work, education, VOCATION, THERAPEUTIC or other institutional programs, And CCR TITLE 15 § 3343 (K) "Institution programs And Services. INMATES Assigned TO segregated housing UNITS will be Permitted TO PARTICIPATE AND HAVE ACCESS TO SUCH programs and Services AS Can be reasonably provided within The UNIT without endangering security or The Safety of Persons. Such programs And Services will include, but Are not limited To: Education, Social Services And Recreation"

NOT long Ago (PBSP) INSTITUTED An education program- Available To (SHU) prisoners with T.v.'s CALLED "G.E.D express"

Such services to (SHU) inmates. Ashker has a (G.E.D.) already. We are respectfully asking (CDC) to immediately expand such services to include Higher Education - college level courses; Vocational courses (such as; Paralegal, Business Administration, Real Estate, Drafting and Archetecture, Commercial Art etc.); And "Self-help" courses (such as: AA/NA; Anger Management etc.). These Programs can easily be made available and conducted via instruction over the T.V. And incell study materials - with whatever testing required held in the visiting room cells (that are empty (4) days a week) Self-help - Group - Courses can consist of Group meetings, Therapy etc. Being held in visiting cells, as well as via the T.V. And incell materials.

As for recreation - (SHU) is supposed to mirror (G.P.) Absent legit - reasonable safety - security reasons, there is no legit reason for not putting pull-up & dip bars on these (SHU) yards.... They can be placed so that they are immobile and attached to the wall & ground as they did in S.Q. & Folsom (SHU) yards (including new Folsom B-Fac. concrete yards) Also - prisoners in segregated Housing units are to be treated equally — thus, all (SHU) indet. prisoners should be able to get photos & order pizzas etc. the same as your debriefing / inactive / and T.H.U. inmates can !

Feb. 23, 2004

Submitted by,

_T. Ashker_ & _Danny Troxell_
T. Ashker, C-58191     Danny Troxell B-76578
                                        C8-101

SEE ATTACHED SUPPORTING DOCUMENTS
(A) BOARD OF PRISON TERMS DECISION SHEET (8/7/03) FOR ASHKER
(B) SAME FOR TROXELL (7/10/01).

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA
OFFICE OF POLICY AND APPEALS     FORWARD TO INMATE/PAROLEE
DECISION ON APPEAL

Your appeal was received by the Board on November 5, 2003.

## Decision you appealed:

Life parole consideration hearing of August 7, 2003. Parole denied. Next hearing in five years.

## Reasons for your appeal:

1. The prisoner contends the hearing panel retried his case and failed to take into consideration the facts of the crime.
2. The prisoner contends his ex post facto rights were violated by a five-year denial.
3. The prisoner contends the hearing panel held his custody status against him in denying parole.
4. The prisoner contends the Board has a no parole policy for prisoner's placement on indeterminate SHU status.
5. The prisoner contends the hearing panel had no evidence to find he needed to participate in self-help and upgrade vocationally.

## Decision by the Board on this appeal:

[ X ] Denied             [ ] Granted               [ ] Dismissed or no action
(No – the decision        (Yes – the decision        (The appeal will not
stays the same)           will be changed)           be looked at)

## CDC Instructions for Grant: N/A

| | BOARD PANEL | |
| Name | Title Commissioner | Date 1-13-04 |
| Name | BOARD PANEL Title Commissioner | Date 1/13/04 |

## Instructions to staff:
CDC Staff to assist in reviewing appeal decision        Yes [ ]        No [ X ]

| NAME | CDC # | PRISON/REGION | DATE |
|------|-------|---------------|------|
| ASHKER, Todd | C-58191 | PBSP | |
| | | Log #03-10-03 | JAN 1 3 2004 |
| CJB | | | |

BPT 1041 (REV. 01/02)

## REASONS FOR DECISION

### Introduction

Title 15 of the California Code of Regulations (15 CCR), § 2400 et seq., sets forth parole suitability criteria and procedures for life prisoners who committed murder on or after November 8, 1978. Prisoner rights are specified at 15 CCR §§ 2245 - 2256. Appeals from parole consideration hearings are governed by 15 CCR §§ 2050-2057.

### Decision on Appeal

1. The prisoner contends the hearing panel retried his case and failed to take into consideration the facts of the crime.

**Appeal Denied:** The hearing panel does not retry the case but accepts as true the findings of the court. The panel was well aware that the prisoner was convicted of 2nd degree murder and relied on the Appellate decision for the statement of facts. The prisoner's claim of self-defense was noted on the record. Had the prisoner chosen to attend his hearing he would have had the opportunity to make any clarification in the statement of facts.

2. The prisoner contends his ex post facto rights were violated by a five-year denial.

**Appeal Denied:** Five year denials are permitted by P.C. § 3041.5(b)(2)(B). The hearing panel found, as required by P.C. § 3041.5 (b)(2)(B), that it was not reasonable to expect that the prisoner would not be found suitable for five years based on the following factors: the commitment offense in what some have described as an "Aryan Brotherhood hit", stabbed the victim twenty times causing his death. Further the prisoner has been involved in subsequent violent behavior while incarcerated and lacks program participation. Furthermore, *In re Morales* (1995) 514 U.S. 499; provides the Board with the following authority:

> The Board retains the authority to tailor the frequency of subsequent suitability hearings to the particular circumstances of the individual prisoner....In light of the particularized findings required under the amendment and the broad discretion given to the Board, the narrow class of prisoners covered by the amendment cannot reasonably expect that their prospects for early release on parole would be enhanced by the opportunity of annual hearings. (At 5223, [emphasis added])

The reasons given and the findings made support a five-year denial. This was within the discretion of the panel under law and there is no evidence that this discretion was exercised improperly.

3. The prisoner contends the hearing panel held his custody status against him in denying parole.

**Appeal Denied:** Clearly the hearing panel takes into consideration the post-conviction factors in making a suitability finding. The Appeals Unit notes the prisoner's classification score is 358 points based mainly on his violent disciplinary history while in prison. The prisoner by his own actions has placed himself in the current custody situation where programs are not available. This is his choice and it is up to him to make the necessary

ASHKER, Todd  C-58191

BOARD OF PRISON TERMS                                        STATE OF CALIFORNIA
Page 3: DECISION ON APPEAL

changes in order to reduce his custody classification so that he can participate in self-help, academic and vocational programs.

4.  The prisoner contends the Board has a no parole policy for prisoners placed in indeterminate SHU status.

**Appeal Denied:** The prisoner's contention has been addressed in Appeal issue #3.

5.  The prisoner contends the hearing panel had no evidence to find he needed to participate in self-help and upgrade vocationally.

**Appeal Denied:** The prisoner states that the hearing panel improperly insisted that he participate in self-help and take vocational classes. He is mistaken. It is up to the hearing panel to make those types of suggestions or recommendations. The prisoner does not have to follow Board recommendations; it is up to him to decide. Hearing panel's do not fault prisoners for failing to complete programs that are unavailable to them except to the extent that the unavailability is due to conduct of the prisoner. To the extent that the custody level is due to the conduct of the prisoner, or that the prisoner has failed to complete recommended programming that is available, which reflects negatively on the prisoner.

The Appeal Unit finds in a review of the record that the prisoner began using heroin at the age of ten and lacks an employment history. The hearing panel's recommendations are valid. Had the prisoner decided to attend the hearing, he could have discussed them with the panel. The prisoner would have had the opportunity to ask the panel members why they feel this is necessary or explain why he doesn't think it is necessary if he had chosen to participate in the hearing. If he feels it is unnecessary he has the option of not doing the programming but this may be held against him when the next hearing panel finds that the prisoner did not comply with the previous panel's recommendations.

<u>Exhaustion of Remedies</u>

Since all grounds for appeal must be included in the same appeal (15 CCR § 2052(a) (2)), this decision is the final administrative decision on all issues from the decision in question. No further appeals or requests for review based on the issues from this decision will be accepted.

ASHKER, Todd  C-58191

JAN 1 3 2004

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5; 20 U.S.C. section 1746)

I, _T. Ashker, C#5819/_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the ___2___ day of ___Aug___, in the year of 20_04_, I served the following documents: (set forth the exact title of documents served)

_State of Calif - Govt Claims (Tort Claim w/ supporting documents)_
_To: State Bd of Control_
_(orig. + (3) copies)_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_State of Calif - Govt Claims Branch_
_P.O. Box # 3035_
_Sacramento, Cal._
_95812 - 3035_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___2___ day of ___Aug___, 20_04_.

Signed: _____T. Ashker_____

(Declarant Signature)

Rev: 03/10/00

**EXHIBIT D**

## CERTIFICATION

I hereby certify that the attached documents are true and correct copies of the documents constituting the record of the claim of:

DANNY TROXELL; B76578

Claim Number  G 548600

Date of Incident:

February 23, 2004

The record includes the claim, any amendments to the claim, all notices or correspondences to and from claimant.

Attest my hand and seal of the Victim Compensation and Government Claims Board of the State of California this day.

Executed at Sacramento, California, January 18, 2006

MIKE DAWSON
PROGRAM ANALYST



**COPY**

*FR*

*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



Victim Compensation and
Government Claims Board

**JAN 12 2006**

**RECEIVED**

*10-7-04*
*8-16-04*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
Public: (916) 455-9555
Facsimile: (916) 322-8288
(916) 324-5397
E-Mail:Darlene.Macias@doj.ca.gov

January 10, 2006

Victim Compensation and Government Claims Board
Government Claims Branch
660 J Street, Suite 300
Sacramento, CA 95814

**VIA FACSIMILE**
(916) 322-8288

RE:    **REQUEST FOR CLAIM SEARCH**

1. Search for a claim and or late claim application filed by:

   *CLAIMANT:*  **Todd Ashker, Danny Troxell v. Arnold Schwarzenegger, et al.**
   **U.S.D.C., Northern District of California, No. C-04-1967 CRB**

   *CLAIM NUMBER:*  **Unknown** *548600*

   *DATE OF INCIDENT:* **Todd Ashker - January 1, 1998 - to present**   *2-23-04* ✓
   **Danny Troxell - January 1, 1995 - to present**

2. After search is complete, please:

   *Provide a certified copy of the claim(s).*

3. Please place the documents in the A.G. mail basket located at the Board (*AG courier will pick up*)

4. Requested by:    **Joan Chiccarella**
   **OFFICE OF THE ATTORNEY GENERAL**
   **455 Golden Gate Avenue, Suite 11000**
   **San Francisco, CA  94102**        **(415)  703-5774**

                    Sincerely,


                    Joan Chiccarella
                    Associate Governmental Program Analyst


           For    BILL LOCKYER
                  Attorney General





STATE OF CALIFORNIA

ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
Sacramento, California 95812-3035
Toll Free Number: 1-800-955-0045
Fax Number: (916) 323-5768
Internet: www.boc.cahwnet.gov

KAREN McGAGIN
Executive Officer

FRED AGUIAR
Secretary
State and Consumer Services Agency
Chairperson

STEVE WESTLY
State Controller
State Controller's Office
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

Danny Troxell B76578
P O Box 7500
Crescent City, CA  95532

October 7, 2004

RE:    Claim G548600 for Danny Troxell, B76578

Dear Danny Troxell,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on September 24, 2004.

If you have questions about this matter, please mention letter reference 123 and claim number G548600 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Christina M. Aceituno,  Program Manager
Government Claims Branch
Victim Compensation and Government Claims Board

cc:   B-23 Corrections, Attn: Kirsten Cantrell
      GCB Staff


                                        Warning
Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.   See Government Code Section 945.6.  You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 123 Claim Rejection

August 16, 2004

State of California
Victim Compensation and Government Claims Board
Government Claims Branch
P.O. Box 3035
Sacramento, CA 95812-3035
(800) 955-0045 ATSS (916)-323-3564



Danny Troxell B76578
P O Box 7500
Crescent City, CA 95532

RE:    Claim G548600 for Danny Troxell, B76578

Tort claim for CDC Inmates, General/Punitive Damages

Dear Danny Troxell,

The Victim Compensation and Government Claims Board (Board) received your claim on August 03, 2004.

Based on its review of your claim, Board staff is recommending to the Board that the claim be rejected as the Department of Corrections has rejected the claim at its third level of review.

The Board will act on your claim at the September 24, 2004 hearing. We will notify you by mail of the Board's action on your claim shortly after the hearing.

If you have questions about this matter, please mention letter reference 44 and claim number G548600 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Branch
Victim Compensation and Government Claims Board

cc: B-23 Corrections, Attn: Kirsten Cantrell
    GCB Staff

Ltr 44 Third Level Review

State of California
Board of Control
# GOVERNMENT CLAIM
SBOC-GC-0002 (Rev. 6/00)

Please read "Instructions for Filing a Claim"

If you are filing this claim beyond six months from the incident date, please see instructions for filing a late claim application on the opposite page.

G  548600

## Section 1: Claimant Information

Name of Claimant
DANNY TROXELL #B-76578

Telephone Number (include area code)
( )

Mailing Address
P.O. Box #7500/C8-101

City
CRESCENT CITY, CAL.

State

Zip Code
95532

## Section 2: Claim Information

Is the claim filed on behalf of a minor? ☐Yes ☒No   If yes, please indicate: Relationship to the minor _____ Date of birth of the minor _____

CAL. DEPT. OF CORRECTIONS & STATE PAROLE BOARD
Name of State Agency against which this claim is filed
Gov. Schwartzenegger & Secretary Hickman, et al.,

If the amount exceeds $10,000, indicate type of civil case:
☐ Limited Civil Case    ☒ Non-Limited Civil Case

Incident Date
Month ON-GOING FOR (19+) YEARS   Day   Yr.

Dollar Amount of Claim
TEN MILLION DOLLARS

Explain how the dollar amount claimed was computed. (Attach three copies of the supporting documentation for the amount claimed with this form.) (19) YEARS & counting of (CDC's)
FAILURE TO PROVIDE REHAB. PROGRAMS; MISUSE & ABUSE OF GANG LABELING & (BPT's) NO PAROLE POLICY. ETC. (SEE ATTACH.)

Describe the specific damage or injury incurred as a result of the incident.
Subjection to PBSP-security housing units (SHU(s)) of Progressively Punitive conditions for over (10 yrs) so far, & labeled an active gang member, because I refuse to be a (CDC) informant, which (CDC) state have used to justify denying me opportunitys & access to various rehab. programs that are necessary & required by the parole board for meaningful consideration of parole date. And the policys & practices of (CDC) & (BPT) have effectively subjected me to an illegal no parole policy because I'm in (SHU), I refuse to become their informant, & unable to obtain rehab. programs.

Location of the incident (if applicable, include street address, city or county, highway number, post mile number and direction of travel.)
PELICAN BAY STATE PRISON (SHU)
5905 LAKE EARL DR.
CRESCENT CITY, CAL. 95531

Preferred Hearing Location (if an appearance is necessary):
☐ Sacramento   ☒ Los Angeles
☐ Oakland   ☐ San Diego

Explain the circumstances that led to the alleged damage or injury. State all facts that support your claim against the State of California, and why you believe the State is responsible for the alleged damage, or injury. If known, provide the name(s) of the State employee(s) who allegedly caused the injury, damage or loss. (If more space is needed, please attach additional sheets.)

See attached (CDC-602 Appeal) began on 2-23-04, Section "A" to "H" w/responses. The state employees responsible are Gov. Schwartzenegger, Secretary of Adult Corrections and Parole, R.Q. Hickman; Former (CDC) Directors Gomez, Terhune & Alameida; current Director Woodford; PBSP Warden McGrath; Acting Warden Dillard; Assoc. Warden Castellaw, Corr. Counselor II Hawks. Each of whom is responsible for providing rehab. programs to all prisoners in (CDC) & (SHU) per CCR Title 15 & Rules & Regulations, & each has kept me in (SHU) based on false premises & worked hand in hand with (BPT members Daly, Welch, Granlund & Stam, to subject me to a blanket "no-parole policy" for all (SHU) prisoners; & basically, they've told me unless & until I agree to become a "successful" CDC informant I will never be given useful rehab. opportunities & can expect to stay in (SHU). Until I die.* By false premises, I mean contrary to (CDC) Title 15 Rules & Regulations without

tate of California
oard of Control

# OVERNMENT CLAIM

$0C-GC-0002   (Rev.   6/00)   *Reverse*

Submit completed claim form and three copies to:
STATE BOARD OF CONTROL
GOVERNMENT CLAIMS BRANCH
P.O. Box 3035
Sacramento, CA 95812-3035

## ection 3: Insurance Information

| s the claim for the alleged damage/injury been filed will it be filed with your insurance carrier?  ☐ Yes   ☐ No | Policy Number | Telephone number (include area code) ( ) |
| ailing Address   N/A | City   N/A | State | Zip Code |
| me of insurance carrier | Amount of Deductible $ | |

e you the registered owner?
Yes   ☐ No

Make:_____ Model:_____ Year:_____

## ection 4: FOR STATE AGENCY USE ONLY

| me of State agency | Budget Act Appropriation or Item Number and the appropriate Schedule if applicable |
| | Name of fund or account |
| ne of agency budget officer or representative | Title | CALNET Number |
| nature of agency budget officer or representative | Date |

## ection 5: Representative Information

| ne of Attorney/Representative   N/A | Telephone Number (include area code) ( )   N/A |
| ling Address   N/A | City   N/A | State | Zip |

n 72 of the Penal Code provides that "every person who, with intent to defraud, presents for allowance or for payment to any State Board or Officer, or to any , town, city, district, ward, or village, board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing y of a felony."

Danny Troxell

8-1-04

sture of Claimant                                Date

N/A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   JUL 2 2 2004

In re:   Ashker, C-58191
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.: 0311730          Local Log No.: PBSP 04-00566

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:   It is the appellant's position that the institution has improperly denied recreational, vocational and educational programs while in Security Housing Unit (SHU) placement. The appellant contends that he is a SHU life term inmate and that he is denied the ability to participate in programs that are required by the Board of Prison Terms (BPT). He requests to be provided access to programs required by the BPT.

II   SECOND LEVEL'S ARGUMENT:   The reviewer found that the appellant is being provided appropriate access to programs for an inmate housed in SHU. The appellant is in SHU placement based upon his behavior and actions. Due to the dangerous nature of inmates housed in SHU, programs that the appellant has requested must be limited based upon safety and security concerns. The programs required by the BPT are for rehabilitation. The appellant is a management problem and his placement SHU demonstrates that he has not made an attempt to be rehabilitated.

III   DIRECTOR'S LEVEL DECISION:   Appeal is denied.

A.   FINDINGS:   The Second Level response is appropriate and the decision is based upon a reasonable penological interest. It represents CDC's position. The Second Level of Review response is comprehensive. The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution. The appellant has been provided access to all programs afforded to SHU inmates at the institution. His request to be provided access to programs required by the BPT cannot be granted.

B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3044, 3343

C.   ORDER:   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**                  Location: Institution/Parole Region        Log No.              Category
**APPEAL FORM**                     1. ___PBSP___                   C04-00566        11 Education
CDC 602 (12/87)                     2. _____          2. _____        Self help

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification
committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff
member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting
documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken
for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Todd Ashker | C#58191 | PBSP (SHU) indeterminate | C8-101 |

A. Describe Problem: This is an appeal on behalf of Ashker & Troxell, B-76578 (per
CCR Title 15 § 3084.2 (f).) Appellants have been on indeterminate
(SHU) status for the last 12 to 18 yrs (solely for administrative rea-
sons). Both are serving sentences of "Life" with the possibility of
parole. As you know, the board of prison terms requires prisoners
participation in rehabilitative type programs in order to receive
meaningful consideration at parole hearings. For the past (18) yrs
(CDC) staff have not provided such program opportunities to those
                                                          SEE ATTACHED PAGE →

If you need more space, attach one additional sheet.

B. Action Requested: Opportunities and access to programs, services and
activities as described in the attached page.


Inmate/Parolee Signature: _T. Ashker_                              Date Submitted: 2-23-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

                              BYPASS

_____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and
submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____              Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed         CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

5 NO# 3P              MAR 05 2004           APR 12 2004

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 3-10-04    Due Date: 4-16-04

Interviewed by: _See Attached_
CPT Cox

Staff Signature: _____    Title: OAAT    Date Completed: 4/9/04
Division Head Approved:
Signature: _____    Title: CAA 1    Returned
Date to Inmate: 4-9-04

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

WE ARE DISSATISFIED WITH 1ST LEVEL RESPONSE. THE TITLE 15 SECT. A RY 1ST LEVEL HAS NOTHING TO DO with ISSUES AT ALL, NOTEARLY 1ST LEVEL TOTALLY IGNORES THE TITLE 15 SECTION C THAT WE'VE REFERENCED which MANDATES THE WARDEN TO PROVIDE US WITH THE OPPORTUNITY(s) of PROGRAMS DESCRIBED in OUR ATTACHED PAGE AND 1ST LEVEL IGNORES OUR SPECIFIC POINTS STATING EXACTLY HOW WE CAN BE PROVIDED SAID PROG. SEE ATTACHED PAGE

Signature: T. Ashker    Date Submitted: 4-11-04

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-20-04    Due Date: 5-7-04
☒ See Attached Letter

Signature: _____    Date Completed: 4-22-04
Warden/Superintendent Signature: _____    Date Returned to Inmate: APR 2 7 20

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

we're dissatisfied! Again, respondents ignore the referenced title 15 sections which mandate that the warden provide us with opportunity(s) at various programming they ignore our specific points re: exactly how such programs can be provided, with not any seperate threats etc. The correspondence cannot extend to one EXCESSIVE & more deal with self-held etc! Respondent claim were gang members & terrorists (without any proof of any illegal activity), & stand that out. His position that we'd pose no danger to (SDC) into min. to & helps to rake out others will stay in (without programing) & should never get a parole date, (CAC) are the terrorists!

Signature: T. Ashker & _____    Date Submitted: 4-29-04

For the Director's Review, submit all documents to:   Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other
☒ See Attached Letter    JUL 2 2 2004
Date: _____

CDC 602 (12/87)

I. (602) ATTACHED PAGE RE: SECTIONS A & B.
LOG # PBSP-C09-00566

Prisoners on indeterminate (SHU) STATUS (such as but not limited to - EDUCATION, VOCATION and SELF-HELP COURSES); which in turn has been cause for the BOARD to use (SHU) Prisoners' LACK of Programing" to justify their DENIAL(S) of parole and setting out next hearing dates off for (4 or 5) yrs. in the future. (CDC) has thus contributed, at least in part, to the BOARD's blanket No-parole policy' for (SHU) Prisoners, which is a violation of the EX POST FACTO CLAUSE of the 14th Amendment to the U.S. CONST.

Denying us the opportunity to participate in programs required by the board has caused, and continues to cause us harm, by way of making it impossible for us to meet the board's criteria(s) for a parole date (it is our due process right to expect release on parole per. McQuillion v. Duncan, 306 F3d 895 (9th Cir 2002 at pgs 901-902); (CDC) & (PBSP) administrative staff are also in DIRECT VIOLATION of the provisions in CCR TITLE 15 Article 3. Work & Education § 3040(C) "A classification COMMITTEE SHALL assign each inmate to an appropriate work, education, vocation, therapeutic or other institutional programs, and CCR TITLE 15 § 3343 (K)" Institution Programs and Services. Inmates assigned to segregated Housing Units will be permitted to participate and have access to such programs and services as can be reasonably provided within the unit without endangering security or the safety of persons. Such programs and services will include, but are not limited to: Education, SOCIAL SERVICES and Recreation"

Yet long ago (PBSP) instituted an education program available to (SHU) Prisoners with T.V.'S called "G.E.D. express"

such services to (SHU) inmates. Ashker has a (G.E.D.) Already.
We are Respectfully asking (CDC) to immediately expand such
services to include Higher education - college level courses;
vocational courses (such as; paralegal, business Adminis-
tration, Real estate, Drafting and Architecture, com-
mercial art etc.); And "self-help" courses (such as: AA/NA,
Anger management etc.). These Programs can easily be made
Available and conducted via instruction over the T.V. And
incell study materials - with whatever testing required
held in the visiting room cells (that are empty (4) days
a week) self-help - group - courses can consist of group
meetings, Therapy etc. Being held in visiting cells, As
well as via the T.V. and incell materials.

    As for recreation - (SHU) is supposed to mirror (G.P.) Absent
Legit - Reasonable safety - security reasons, there is no
legit reason for not Putting pull-up & Dip bars on these (SHU)
yards.... They can be placed so that they are immobile and
Attached to the wall & ground as they did in S.Q. & Folsom
(SHU) yards (including new Folsom B-Fac. concrete yards)
Also - prisoners in segregated housing units Are to be treat-
ed equally — Thus, All (SHU) indet. Prisoners should be able
to get Photos & order Pizzas etc. the same as your de-
briefing / inactive / And T.H.U. inmates can !
Feb. 23, 2004
        Submitted by,
            T. Ashker          & Danny Troxell
        T. Ashker, C-58191        Danny Troxell B-76578
                                        C8-101

SEE ATTACHED SUPPORTING DOCUMENTS
(A) BOARD OF PRISONER TERMS DECISION SHEET (8/7/03) FOR ASHKER
(B) SAME FOR TROXELL (7/10/01).

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5; 20 U.S.C. section 1746)

I, _D. Trexell, B#76578_ , am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the ___2___ day of ___Aug.___ , in the year of 20_04_ , I served the following documents: (set forth the exact title of documents served)

_State Tort Claim w/ support documents TO: STATE Bd of ConTRol (orig+(3) copies)_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_State of Cal of - Gov't Claims Branch_
_P.O. Box 3035_
_SACRAMENTO, CAL_
_95812-3035_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___2___ day of ___Aug___ , 20_04_ .

Signed: _D. Trexell_
(Declarant Signature)

Rev: 03/10/00