IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL, | No. 05-03286 CW |
|     Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |
|   v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
|     Defendants. / | |

Plaintiffs Todd Ashker and Danny Troxell move for leave to file a motion for reconsideration of the portion of the Court's March 25, 2009 Order Granting, in Part, Defendants' Motion for Summary Judgment and Denying Plaintiffs' Cross-Motion For Summary Judgment which denied Plaintiffs' due process claim arising from the validation of Plaintiffs as members of the Aryan Brotherhood prison gang.[1]  Defendants oppose the motion.  The matter was taken under submission and decided on the papers.  Having considered all the papers filed by the parties, the Court denies Plaintiffs' motion.

Civil Local Rule 7-9(a) states as follows: "No party may

---

[1] Mr. Troxell's claim was barred by the statute of limitations. Plaintiffs do not move for reconsideration of this part of the Order.

notice a motion for reconsideration without first obtaining leave of Court to file the motion."  A request for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

> No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.

Civil L.R. 7-9(c).

Plaintiffs argue that reconsideration is proper under Local Rule 7-9(a)(2) because a new material fact has emerged which was not available at the time the Court ruled on the motions for summary judgment.  Plaintiffs refer to the March 30, 2009 Findings of Fact and Conclusions of Law issued after a bench trial by another judge of this Court in Lira v. Cate, C 00-0905 SI, which addressed that plaintiff's validation as a gang member.

Contrary to Plaintiffs' argument, the findings of fact and conclusions of law in another district court case do not constitute new evidence in this case.  Furthermore, the circumstances of the plaintiff in Lira v. Cate are factually different from Mr. Ashker's circumstances; Lira was not given the opportunity to meet with the Institutional Gang Investigator (IGI) regarding his validation as a

2

gang member, whereas Mr. Ashker refused to participate in interviews with the IGI. Also, this Court has carefully reviewed the evidence submitted in this case, including confidential memoranda submitted under seal for the Court's <u>in camera</u> review, and has found that it meets the "some evidence" standard supporting Mr. Ashker's continued gang validation. In <u>Lira</u>, the Court found that none of the evidence met the "some evidence" standard.

In addition to proffering <u>Lira</u> as new evidence, Plaintiffs' motion merely attempts to relitigate the arguments they made in their cross-motion for summary judgment. This is not allowed pursuant to Local Rule 7-9(c).

Therefore, Plaintiffs' request for leave to file a motion for reconsideration (docket # 382) is denied.

IT IS SO ORDERED.

Dated: May 28, 2010

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHKER ET AL et al,

    Plaintiff,

v.

SCHWARZENEGGER ET AL et al,

    Defendant.

Case Number: CV05-03286 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell B-76578
Pelican Bay State Prison
P.O. Box 7500, C-8-101
Crescent City, CA 95531

Todd Ashker C-58191
Pelican Bay State Prison
P.O. Box 7500, D1-119
Crescent City, CA 95531

Dated: May 28, 2010

    Richard W. Winking, Clerk
    By: Ronnie Hersler, Administrative Law Clerk

4